Mary L. Smith *vs.* George E. Jordan.
Georgiana B. Smith *vs.* Same.

Middlesex.    January 8, 1912. — February 29, 1912.

Present: Rugg, C. J., Morton, Hammond, Sheldon, & DeCourcy, JJ.

*Negligence,* Of servant.    *Agency,* Existence of relation.    *Automobile.*

In an action against the owner of an automobile for injuries from a collision caused by the negligence of a minor son of the defendant who was operating the car, if it appears that the defendant had bought the car for the general use of his family, that it was registered in his name but that the only member of his family licensed to operate it was his minor son and that it never was operated except by the son, that the defendant had given his wife permission to use the car whenever she wished without making any special request and expected the son to mind his mother if she asked him to take her out with the car, and that the collision occurred when the son was driving the car in transporting his mother at her request, there is evidence for the jury that the car at the time of the accident was being operated upon the business of the defendant under authority from him.

Two actions of tort, the first for personal injuries from being run into from behind by an automobile of the defendant operated by the defendant's minor son, alleged to have been an agent of the defendant, while the plaintiff was driving in a carriage on Lexington Street in Waltham at about 5.15 p. m. on November 22, 1907, and the second by the mother of the plaintiff in the first case for injuries caused to the carriage by the collision. Writs dated February 25, 1908.

In the Superior Court the cases were tried together before *Fox,* J. The facts which could have been found upon the evidence are stated in substance in the opinion.

At the close of the evidence the defendant in each of the cases asked for thirteen rulings. Of these the judge gave as instruc-

tions to the jury the second and third and the seventh in a modified form as follows: "2. The fact that the automobile was being driven by the defendant's son is not enough to make him liable. A father is not responsible for the negligence of his minor son, merely because of the relationship between them. 3. It would not be enough to make this defendant responsible for any negligence of his son in the operation of the automobile that he had given his wife and son permission to use the machine at their pleasure." 7 (as modified). "It is not enough to make this defendant responsible that he knew that his wife and son were accustomed to use the automobile, and acquiesced in that custom; the plaintiff must go further and satisfy the jury that, in taking his mother to ride, the son acted in obedience to his father's general or special commands, either express or implied."

Among the rulings requested by the defendant were the following:

"1. The evidence is not sufficient to warrant a verdict for the plaintiff."

"4. If the defendant had directed his son not to be out with the automobile after dark, and the son was out after dark, at the time of the accident in violation of that direction of his father, the defendant cannot be held liable for the accident.

"5. If the defendant's son in remaining out with the automobile after dark was acting contrary to the defendant's orders, it would not be enough to make the father responsible for his negligence, that he did so at the persuasion of his mother."

"13. The evidence does not warrant a finding that, at the time of the accident, the son was using the car upon any business of his father, as alleged in the declaration."

The judge refused to make these rulings. He also refused to make the other rulings requested by the defendant, the general character of which is stated in the opinion.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*G. L. Mayberry,* (*J. M. Gibbs* with him,) for the defendant.

*C. W. Bond,* (*G. F. Wales* with him,) for the plaintiffs.

RUGG, C. J. The principles of law which govern this case are plain. A father is not liable for the torts of his minor son, simply because of paternity. There must exist an authority from the father to the son to do the tortious act or a subsequent ratifi-

cation and adoption of it, before responsibility attaches to the parent. This authority may be express or it may arise by implication from all the attendant circumstances. The wrongful act must be performed by the son in pursuance of the business, incident or undertaking authorized by the father before the latter can be held liable. Such authority may be found in the actual presence of the parent, in express or implied direction, or in a precedent course of conduct. If the act is within the general scope of authority conferred by the father, or in carrying out the enterprise for which the minor has been commissioned, then the father may be liable even though he had no knowledge of the specific conduct in question and it was contrary to his direction. If the act is not done by the son in furtherance of the father's business, but in performance of some independent design of his own, the father is not liable. The controlling rules of law are the same whether the business in question concerns the operation of an automobile or any other matter.

In the case at bar, a father had bought an automobile for the general use of his family. It was registered in his name, but the only member of his family licensed to operate it was his minor son and the machine never was operated except by him. The defendant testified in substance that his wife had his permission to use the automobile whenever she desired, without making any special request for it, and that he expected his son to mind his mother if she asked him to take her out with the car. The plaintiff was injured by a collision with it under circumstances which warranted a finding that the son was negligent, on an afternoon when he was driving the car with his mother, at her request. These facts warranted the inference that the son was then acting in accordance with general instructions expressly or impliedly given by his father. The boy was not running it for any purpose of his own, but for the convenience of his mother and by her express direction, for whose use in common with the rest of the family it had been purchased by his father. If the father had employed a chauffeur outside the family at a stated compensation, it could not be contended seriously that taking the wife out for an afternoon call was not the business for which he had been employed. If, instead of hiring a stranger, the father chose to have the same work performed by his minor son, to

whose time and services he was entitled as a matter of law, it could not be ruled as matter of law that a jury might not find the business to be that of the father. This is not a case of mere permissive use of the father's vehicle by the son for his own pleasure. Although the father had no knowledge of the particular journey which was taken on the occasion of the accident, his knowledge that on previous occasions the wife had used the car and his testimony of the purpose for which it was bought and that it was not customary when the wife was going on errands with the automobile to ask his permission were enough to support a finding that the trip in question was authorized by him. The fact that the son was the only person in the family who could legally operate the car had some tendency in that direction. The relation of husband and wife is such that, when the former has purchased an automobile for family use, a ride by the wife in it with his general permission is not as matter of law the business of the wife, but may be found to be that of the husband. *Bourne* v. *Whitman*, 209 Mass. 155. *Hunt* v. *Rhodes Bros. Co.* 207 Mass. 30.

There was no error in refusing the defendant's requests for instructions. There does not appear to have been evidence warranting the ruling that if the defendant had directed his son not to be out after dark and the son was driving after dark in violation of that direction, the defendant could not be held. There was evidence that the defendant had instructed the son that he should not be out after dark. But he also testified that he did not intend the car should not be brought home if he chanced not to get home earlier and that it "was a caution." But upon a broader ground, the rulings upon this point could not have been given properly. The jury might have found that the business of the father in this connection was that the son should follow his mother's direction. If this involved being out after dark, it was still the father's business. There seems to have been no dispute that the son was doing as his mother had told him. So far as the substance of the other requests was not given in the charge they either were not applicable to the evidence or not sound in law.

*Exceptions overruled.*