## DENISON v. McNORTON.

(Circuit Court of Appeals, Sixth Circuit. January 10, 1916.)

No. 2675.

1. MASTER AND SERVANT ⬦⟹332—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP—QUESTIONS FOR JURY.

Defendant, whose family consisted of himself, his wife, four sons, and a daughter, all living at home, owned an automobile, which was used, not only in taking him and his sons to and from their places of business and for some other business purposes, but also for purposes of pleasure and recreation for the family on weekdays and also on Sundays, and was more or less in constant use. It was usually driven by one of the sons, and principally by the son W., about 20 years old. On a Sunday, when the father and mother were away from home, all of the children, accompanied by a family friend, went on an automobile trip; the car being driven by W. The automobile, while so driven by W., struck and injured plaintiff. Held, that it was competent for the jury to infer that there was at least an implied authority in W. to drive the car, and that such driving was in the service of the father in providing recreation for the family, especially in view of the fact that all the members of the family at home were participating at the time in the use of the car.

[Ed. Note.—For other cases, see. Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ⬦⟹332.]

2. MASTER AND SERVANT ⬦⟹301, 302—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP.

The owner of an automobile is not liable for the negligence of his son in driving the automobile because of the relationship of father and son, nor because of his ownership of the car, and his liability must rest upon the relationship of principal and agent, or that of master and servant, and the act complained of must be done within the scope of the son's employment in conducting the father's business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1219–1217, 1221, 1225, 1229; Dec. Dig. ⬦⟹301, 302.]

3. MASTER AND SERVANT ⬦⟹301—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP.

The authority of the son of an automobile owner to represent his father in driving the automobile need not be expressed in words, but may be implied from the precedent course of conduct.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. ⬦⟹301.]

4. MASTER AND SERVANT ⬦⟹301—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP.

The son of an automobile owner, through whose negligence a third party is injured, need not be a hired chauffeur in order to make his relation to his father an employment by the father.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. ⬦⟹301.]

5. MASTER AND SERVANT ⬦⟹302—INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT.

Where a father provides an automobile for the purpose of furnishing members of his family with outdoor recreation, the use of the car for such purpose by a member of the family is within the scope of the father's business, and the application of this rule is not altered by the fact that the car is used during business hours for business purposes.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217, 1221, 1225, 1229; Dec. Dig. ⬦⟹302.]

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. MASTER AND SERVANT ⊕332—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP.

In an action for injuries to a person struck by defendant's automobile while driven by his son, evidence *held* not to show conclusively that the son had no right to use the car without his father's express permission, and that he was using it surreptitiously, but at most to make a question of fact.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ⊕332.]

7. MASTER AND SERVANT ⊕301—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP.

That an automobile trip, participated in by all members of defendant's family who were at home, was suggested and promoted by the son, who was driving the car when it struck plaintiff, did not necessarily deprive the trip of its distinctive character as for the pleasure and recreation of the entire family, so far as at home.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. ⊕301.]

8. MASTER AND SERVANT ⊕332—INJURIES TO THIRD PERSONS—EXISTENCE OF RELATIONSHIP—QUESTIONS FOR JURY.

In an action for injuries to a person struck by defendant's automobile driven by his son, evidence *held* not to show conclusively that plaintiff was negligent, but at most to make a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274–1277; Dec. Dig. ⊕332.]

9. APPEAL AND ERROR ⊕1064—HARMLESS ERROR—INSTRUCTIONS.

In an action for injuries to a person struck by defendant's automobile while crossing the roadway adjoining the public square in the city of Cleveland, the court charged that a statute limiting automobiles to a speed of 8 miles an hour in business and closely built-up portions of the city applied to the place where the accident occurred. One of the occupants of the car, who was riding with the driver, testified that they had been going only 6 miles an hour, and had not been going faster than that at any time through the congested district, and that he knew the law allowed them to run 8 miles an hour, and knew that if they were going more than that they were breaking the law. *Held* that, in view of the apparent nature of the district where the accident occurred, the instruction, if erroneous, as invading the function of the jury, was obviously nonprejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ⊕1064.]

10. APPEAL AND ERROR ⊕263—RESERVATION OF GROUNDS OF REVIEW—NECESSITY OF EXCEPTIONS.

A criticism in the brief and oral argument of an instruction to which no exception was taken must be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⊕263.]

11. APPEAL AND ERROR ⊕274—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF EXCEPTIONS.

In an action for injuries to a person struck by an automobile, the court charged that under a statute the driver was negligent if the automobile was running more than eight miles an hour. Defendant excepted to "that portion of the court's charge in which he stated that a violation of the state law is negligence per se, without calling attention to the fact that such negligence contributed to the accident or was the proximate cause thereof." Rule 10 of the Sixth Circuit (150 Fed. xxvii, 79 C. C. A. xxvii) requires exceptions to the charge to state distinctly the several matters of law to which exception is taken. *Held*, that an alleged error in the

instruction, as charging that the violation of the statute was negligence per se, instead of merely evidence of negligence, was not reviewable, as the natural interpretation of the exception would be that it was intended to call attention to a supposed lack of instruction that the negligence, to be actionable, must be the proximate cause of the accident.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. ☜274.]

12. NEGLIGENCE ☜140—PROXIMATE CAUSE—INSTRUCTIONS.

Where, in an action for injuries to a person struck by an automobile, the court charged that the burden was on plaintiff to show that the driver's negligence proximately or directly produced the injuries, it was not bound to separately apply this requirement to each specific ground of negligence relied on.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 378–381; Dec. Dig. ☜140.]

13. APPEAL AND ERROR ☜1064—HARMLESS ERROR—INSTRUCTIONS.

In an action for injuries to a person struck by an automobile, the court charged that under a statute the driver was negligent if the automobile was running more than 8 miles an hour. The driver's testimony indicated that, after seeing plaintiff and her daughter in the street at a distance of 25 to 50 feet, and seeing one of them stop, he took it for granted that both would stop, and did not again look until within 5 to 8 feet of plaintiff. *Held*, that the instruction, if erroneous, as charging that violation of the statute was negligence, instead of evidence of negligence, was harmless, as the driver's own testimony would naturally lead to a finding that he was negligent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ☜1064.]

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Action by Ida McNorton against W. C. Denison. Judgment for plaintiff, and defendant brings error. Affirmed.

Tolles, Hogsett, Ginn & Morley and Westenhaver, Boyd & Brooks, all of Cleveland, Ohio, for plaintiff in error.

Howell, Roberts & Duncan, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and CLARKE, District Judge.

KNAPPEN, Circuit Judge. The defendant in error (who was plaintiff below), while crossing the roadway adjoining the public square in the city of Cleveland, was struck by defendant's automobile, driven by his son William, sustaining severe injuries, on account of which this suit was brought. At the close of the testimony defendant asked direction of verdict in his favor, which was denied, and the case submitted to the jury, which gave verdict for plaintiff, on which judgment was entered. The grounds relied upon for reversal are: (1) That defendant is not liable for the alleged negligence of the son in operating the automobile, for lack of relation of master and servant; (2) that plaintiff is conclusively shown guilty of contributory negligence; and (3) error in the charge to the jury.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 1. Defendant was actively connected with a manufacturing corporation; his home was about seven miles from his business; his immediate family consisted of defendant, his wife, four sons, and one daughter, all living at home; two of the sons as well as the daughter were adults, one of the adult sons being engaged in the business with which the father was connected; the third son (William) was about 20 years old, and was employed in the same business; the fourth was 16 or 17 years old, and still in school. The defendant owned the car, which was used, not only for taking him and his sons back and forth between home and business (as well as for some business purposes), but also for purposes of pleasure and recreation for the family, not only on weekdays, but on Sundays. As one of the sons expressed it:

"The car was more or less in constant use when in proper condition."

No chauffeur was kept, and this car was the only one defendant or any member of his family had. The father drove comparatively seldom; usually one of the sons drove, and it is fairly inferable that William was usually the one to drive when in the car, by reason of his greater experience as driver. The mother and daughter never drove, but were frequently taken out in the car; the driving being done by one of the sons, and inferably more often by William. We state the case, as we must, most favorably to plaintiff. On the day of the accident, which was Sunday, the father and mother were away from the city on a few days' absence; the four sons and the daughter remaining at home. An automobile trip to a resort some 60 miles distant being planned, the daughter put up and took a lunch for the refreshment of the party; the car carrying the four sons and the daughter, as well as another man, a friend of the family, who, as the daughter testified, was "visiting us." The maid was the only member of the household left at home.

[2-4] The general principles involved are familiar: The father is not liable for the son's alleged negligence merely because of such relationship; his liability, if any, must rest upon the relationship of principal and agent, or that of master and servant. Defendant's mere ownership of the machine is not enough to create liability for his son's negligence (Lotz v. Hanlon, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. [N. S.] 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731); to have that result the act complained of must have been done within the scope of the son's employment and in conducting what is called the father's business (Coal Co. v. Rivoux, 88 Ohio St. 18, 102 N. E. 302, 46 L. R. A. [N. S.] 1091, Ann. Cas. 1914C, 1082), although the authority to so represent the father need not be expressed in words, but may be implied from the precedent course of conduct. Nor need the son have been a hired chauffeur in order to make his relation an employment by the father. Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701; Smith v. Jordan, 211 Mass. 269, 271, 97 N. E. 761.

[5] As to whether the son was engaged in the father's business: It is the rule, supported by the better weight of authority (although

there are cases seemingly taking a contrary view),[1] that where a father provides an automobile for the purpose of furnishing members of his family with out door recreation, the use of the car for such purpose is within the scope of the father's business, analogously to the furnishing of food and clothing or ministering to their health. Missell v. Hayes, 86 N. J. Law, 348, 349, 91 Atl. 322, and following; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; Stowe v. Morris, 147 Ky. 386, 390, 144 S. W. 52, 39 L. R. A. (N. S.) 224; Moon v. Matthews, 227 Pa. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970. And, obviously, the fact that the car was used during business hours for business purposes would not alter the rule otherwise applicable to a use (out of business hours, including Sundays), for the enjoyment and recreation of the family.

Assuming, for the purposes of this opinion, that defendant would not be liable if the accident occurred during a merely permissive use of the machine—that is to say, while the son was driving the car for his own pleasure, and notwithstanding it was being kept in part for the recreation of the family, and an implied consent that the son use it for his own pleasure (Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. [N. S.] 335, 131 Am. St. Rep. 677; Parker v. Wilson, 179 Ala. 361, 368, 60 South. 150, 43 L. R. A. [N. S.] 87)[2]—we think it clear that unless the tendency of the evidence as we have stated it is conclusively overcome by the testimony to which we are about to allude, it was competent for the jury to infer that there was at least an implied authority in the son to drive the car on the occasion in question, and that such driving was in the service of the father in providing recreation for the family (Stowe v. Morris, supra; Smith v. Jordan, supra; Missell v. Hayes, supra; Moon v. Matthews, supra; Bourne v. Whitman, supra; Davis v. Littlefield, supra; Kayser v. Van Nest, supra, 125 Minn. at page 279, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Guignon v. Campbell, 80 Wash. 543, 545, 141 Pac. 1031).

A significant feature of this case, which distinguishes it from some of the cases relied on by defendant, is the fact that all the members of defendant's family (so far as at home) were participating in the use of the car; there being no other occupant except a family guest. The importance of this consideration is illustrated by the cases of Doran v. Thomsen, supra, and Missell v. Hayes, supra. In the former case the father was held not liable for the negligence of his daughter in driving the car for her own pleasure, notwithstanding its purchase by the father for the use of his family, and his implied consent that the daughter use it for the purpose stated. In the latter case, where the accident occurred while one of the sons was driving the car, which contained also defendant's wife and daughter, together with a guest of the son and a guest of the daughter, the facts were held sufficient to support a finding that the son was acting as the servant of his

[1] See Schumer v. Register, 12 Ga. App. 743, 746, 78 S. E. 731.

[2] See, to the contrary, Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 351; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487.

father, and within the scope of his employment as such. The fact that the car was occupied by the father's immediate family and their guests was held to distinguish the case from Doran v. Thomsen.

[6] There was, however, in the instant case, testimony on defendant's part that none of the family excepting the mother had the right to use the car without express permission from the father, that they had no right to use it when the father was absent from home, and that neither he nor the mother had given permission to use the car on this Sunday of their absence; and defendant's counsel in briefs characterize the expedition as "surreptitious and without paternal permission, guidance, or sanction." Assuming that, if the above characterization must be accepted, defendant would not be liable (Riley v. Roach, 168 Mich. 294, 134 N. W. 14, 37 L. R. A. [N. S.] 834; Reynolds v. Buck, 127 Iowa, 601, 103 N. W. 946), we think the jury was not conclusively bound to accept that view. The testimony presented merely a question of fact, involving credibility; it was reasonably possible for the jury to regard it as improbable, in view of the regular practice of the family, the previous conduct of defendant respecting the use of the automobile, and the facts that one of the members of the family, when sworn as a witness for plaintiff, had testified that "we use the machine whenever it is not in use in business; any one that gets to the machine first usually drives it," without at the time making any mention of the necessity of previous permission, and that another member of the family testified, upon cross-examination, that "on Sunday the family, or different members of the family, used the machine for pleasure or for automobile rides," and that "I didn't consider that I was disobeying his [the father's] instructions when I went out that morning." The testimony that during a given period the garage keeper was forbidden to let either of defendant's sons take the car without express permission might not unreasonably be thought to refer only to its use during business hours, when likely to be needed for business purposes, or during the time that its repainting had been arranged for.

[7] It scarcely need be said that the fact (as alleged) that the son William suggested and promoted the expedition does not necessarily deprive it of its distinctive character as for the pleasure and recreation of the entire family, so far as at home. We think the evidence sufficient to sustain a finding that in operating the car at the time of the accident the son William was lawfully representing defendant.

[8] 2. At a point about 165 feet south of the place of collision the automobile, which had been going west, turned north, thus coming directly toward plaintiff, who was crossing or about to cross the roadway, going west. There was evidence tending to show negligence in operating the automobile, both in maintaining a speed of 25 miles or more per hour in a "business and closely built up" portion of the city (the statute permitting but 8 miles), and in otherwise failing to use due attention and care to avoid collision. Indeed, that the proof lacks such tendency is not alleged here.

There was testimony on defendant's part that at a speed of 25 miles an hour the machine could not be stopped within less than 50 to 75

feet, at a speed of 15 miles within less than about 25 feet, and that at 8 miles it could be stopped within about 10 feet; that the car was stopped within 15 feet after the brakes were applied; and that it ran but a very few feet after the collision, and did not carry or drag plaintiff. The latter and her daughter, who was with her, testified that before crossing the driveway they looked both to the right and the left and saw no automobile. The argument in support of the claimed contributory negligence is that, in view of the testimony, the car could not have been running 25 miles per hour when it came down the driveway headed toward plaintiff, and that it must have been actually in this driveway and in view when plaintiff last looked to the left, and that she therefore saw or should have seen it. Of course, testimony contrary to reason or established physical facts must be disregarded; but, accepting as true the testimony as to the distance within which the car could be stopped, the argument in support of the claimed contributory negligence not only involves one or more disputed propositions of fact, but ignores the consideration that plaintiff may well have been confused and disturbed by the appearance of a street car bound south (in the opposite direction from that in which the automobile was running), and which stopped temporarily on the near side of the crossing on which plaintiff was passing, and thus near her and on her right hand, and which she said she was afraid would strike her. We cannot say that plaintiff's contributory negligence was conclusively established. It was, at the most, a question of fact for the jury.

[9, 10] 3. Defendant in brief and oral argument complains of three features of the charge to the jury; the first being an instruction that the 8-mile limit applied to the district where the collision occurred. This instruction, if not within the province of the court, as invading the function of the jury, was obviously nonprejudicial, in view of the apparent nature of the district.[3] Defendant evidently did not consider the instruction harmful, for no exception was taken to it, and for this reason, if for no other, the criticism must be disregarded.

Another criticism of the charge is addressed to an instruction that a violation of the city ordinance regulating the running of automobiles would be "some evidence of negligence to be considered" by the jury, with all the evidence in the case. But this instruction also passed unchallenged by exception.

[11-13] The remaining criticism relates to an instruction that, in view of the Ohio statute (G. C. § 12604), the driver was negligent if the automobile was running at more than 8 miles an hour. Defendant's contention is that violation of the statute is merely evidence of negligence, and not negligence of itself. We are not called upon to

---

[3] One of defendant's sons, who sat on the front seat with the driver, testified that the automobile was going at a rate of only 6 miles an hour, adding: "We hadn't been going faster than that at any time through the congested district. I knew the law allowed us to run at 8 miles an hour, and knew if we were going at more than 8 miles an hour, we were breaking the law." The driver (William) testified that he was running only 7 or 8 miles an hour.

consider the correctness of this instruction, in view of the exception relied upon to sustain it, which we copy in the margin.[4]

Rule 10 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) requires that exceptions to the charge "must state *distinctly* the several matters of law to which exception is taken." The well-known object of this requirement is to pointedly challenge the trial court's attention to the actual complaint made, and thus give opportunity for correction or modification. We think the natural interpretation of this exception would be that it was intended to call attention to a supposed lack of instruction that such negligence, in order to be actionable, must have been the proximate cause of the accident, and that it would not naturally occur to the trial court that it was aimed at a distinction between negligence per se and evidence of negligence. The jury was later told that the burden was on plaintiff to show that the driver's negligence "proximately or directly produced" plaintiff's injuries. The court was not bound to separately apply this requirement to each specific ground of negligence relied on.

We think, moreover, that as a practical proposition defendant was not in any event prejudiced by the instruction in question, for we think the driver's own testimony would naturally lead to a finding that he was negligent, in that after seeing plaintiff and her daughter "out in the street," and at a distance of 25 to 50 feet, and seeing one of them stop, he took it for granted that both would stop, and so did not look again until he heard a warning call from his brother, when the automobile was within 5 to 8 feet of the plaintiff, and it was too late to avoid collision.

Finding no error to defendant's prejudice, the judgment of the District Court is affirmed, with costs.

---

[4] "Defendant excepts to that portion of the court's charge in which he said that a violation of the state law is negligence per se, without calling attention to the fact that such negligence contributed to the accident or was the proximate cause thereof."