ANNA R. FARNHAM *vs.* JOHN D. CLIFFORD.

Androscoggin.    Opinion July 28, 1917.

*Automobiles.    Liability of parent for son using automobile.    Admissions by parent of liability for injuries sustained through negligence of son.    Evidence.*

An action on the case for personal injuries alleged to have been sustained by the plaintiff as a result of a collision of the carriage in which she was riding with the automobile of the defendant. At the time of the accident the defendant was living in the city of Lewiston. The family consisted of himself and wife, two boys and two girls, the sons being more than twenty-one years of age and practicing lawyers in the city of Lewiston. The defendant was the owner of the automobile which he had purchased for the pleasure of himself and family and which the family had permission to take and use whenever they so desired.

On the evening of the accident, the defendant was not in town, and on that evening one of his sons, who was living with him as a member of his family, took the car without an express permission and while operating it, on account of his negligence collided with the team of the plaintiff, and as a result of that collision the plaintiff was injured. There was sufficient evidence in the case that authorized the jury to find that at the time the defendant's son was using the machine, he was either doing it as the agent or servant of the defendant or using it in the defendant's business, for the defendant told the husband of the plaintiff that his car he had bought for the pleasure of his family and for business; that they had a right to take it whenever they saw fit, without asking; and he furthermore told the husband of the plaintiff that so far as the liability extended, he was responsible.

*Held:*

1. That was a direct admission of facts essential to establish his legal liability.

2. After the accident, with full knowledge of the facts, he admitted his liability.

Upon the stand, he did not deny he so admitted. The admission of the defendant was open to explanation and contradiction. It was subject to rebuttal, explanation and comment, and the fact that the defendant was a witness in his own behalf, after the testimony had been given as to his admission of his liability, and did not contradict or explain the statement but allowed it to pass as true and unchallenged, authorized the jury to find that he knowingly made the admission and that his admission was true.

Action on the case to recover damages for injuries sustained through the alleged negligence of the defendant, the result of a collision of the carriage in which the plaintiff was riding with the automobile of the defendant. A plea of general issue was filed by defendant. Verdict for plaintiff in the sum of $3747.68. Defendant filed motion for new trial and also certain exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*Andrews & Nelson,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, MADIGAN, JJ.

HALEY, J. An action on the case for personal injuries alleged to have been sustained by the plaintiff June 13, 1914, as a result of a collision of the carriage in which she was riding with the automobile of the defendant. The case was tried at the September term, 1916, in Androscoggin county, and the jury returned a verdict for the

plaintiff for the sum of $3747.68, and the case is before this court upon a motion for a new trial and upon exceptions.

At the time of the accident the defendant was living in the city of Lewiston. His family consisted of himself and wife, two boys and two girls, the sons being more than twenty-one years of age and practicing lawyers in the city of Lewiston. The defendant was the owner of an automobile, which he had purchased for the pleasure of himself and family and which the family had permission to take and use whenever they so desired. On the evening of the accident the defendant was not in town, and on that evening one of his sons, who was living with him as a member of his family, took the car, without any express permission as far as positive testimony goes, and while operating the automobile did it so negligently that it collided with a team in which the plaintiff was riding, about three miles out of Lewiston on the road to New Gloucester. As a result of that collision the plaintiff was injured and brings this action against the defendant.

It is the contention of the attorney for the defense that there is no evidence whatever that John D. Clifford, Jr., the son who was driving the automobile at the time of the accident, had ever acted as chauffeur for his father, or had ever driven for any other member of his father's family, and that there is an entire lack of evidence as to whether he was out on business or pleasure the night of the accident. The motion and exceptions practically go to the same proposition, that there is no evidence in the case that the son was employed in his father's business while driving the machine at the time of the accident; that it was for his sole pleasure; that the relation of master and servant did not exist; that such relation can not be inferred from the ownership of the car, and that, although it may have been the business of the father to furnish an automobile for the use of his family, yet, there is no evidence in the case that the son was so using it, or for what purpose he was using it; that it does not appear sufficiently that he was performing the business of his father, or that the relation of master and servant existed. The defendant testified that the son did not own the auto, and never did; that he himself was in absolute control of the machine; that nobody else had the control; that its control never passed from him; that he bought the machine for the pleasure of himself and family; that John D. Jr., the son, had the right to take the machine out on any pleasure ride that he might wish; that he did not have to ask permission; that he bought it for

the family's pleasure to take it when they liked, and he could take the machine that night, just as he had always taken it, without asking, and that, aside from the ownership of the machine, John had the right to the use of it just as he pleased.

If the evidence stopped there it may be that the position of the defendant's counsel would be sustained; but there was in the case evidence that authorized the jury to find that, at the time the defendant's son was using the machine, he was either doing it as the agent or servant of the father, or using it in the defendant's business, for the defendant told the husband of the plaintiff "that his car he had bought for the pleasure of his family and for business; that they had a right to take it whenever they saw fit without asking", and he furthermore told him "so far as the liability extended he was responsible." That was a direct admission of facts essential to establish his legal liability, and, if the defendant's position is sound, then that admission covered the situation which defendant's counsel urges was necessary to exist for defendant to be charged. After the accident, with full knowledge of the facts, he admitted his liability. Upon the stand he did not deny he so admitted; but leaves it for his counsel to argue, without explanation, why the admission was not true. The admission of the defendant was open to explanation and contradiction. It was subject to rebuttal, explanation and comment, and the fact that the defendant was a witness in his own behalf, after the testimony had been given as to his admission of his liability, and did not contradict or explain the statement, but allowed it to pass as true and unchallenged, authorized the jury to find that he knowingly made the admission, and that his admission was true. As stated in *Robinson* v. *Stewart*, 68 Maine, on page 62, "the statement and admissions of Stewart, as testified to by the plaintiff, not having been denied or in any way modified, must be taken as true." The defendant having admitted his liability, and when a witness in his own behalf not having explained .or modified his admission, it is useless to discuss the rights of the parties upon the theory that facts existed that the defendant, by his admission, shows did not exist.

The motion also asks that the verdict be set aside because the damages awarded by the jury are excessive. There is no question but that the plaintiff was severely injured by reason of the accident, and that she was taken to a hotel and remained there some three weeks, and that she has been under medical treatment ever since.

There is a dispute as to the nature of her injuries and whether she will ever recover or not; but there is no question but that she was injured as claimed and that she had not recovered at the time of the trial.   The plaintiff produces three eminently respectable physicians, including the physician who treated her from the time of the injury to the time of the trial, who have made examinations, and they all give an opinion which, if believed, authorized the jury to find that the woman received injuries from which she will never recover.   Upon the other hand, the defense produces three eminently respectable physicians who admit that, at the time of the trial, the plaintiff was suffering from the apparent effects of the injury received at the time of the accident, but they gave it as their opinion that she is not suffering from the same injury that the physicians for the plaintiff give their opinion she is suffering from, and that she will in a short time probably recover from the effects of the injury.

The physical condition of the plaintiff was one of the issues submitted to the jury, and we have no right to say that the testimony of the three physicians upon one side or the other should be weighed differently than the jury found it.   They were authorized to find that the testimony of the physicians for the plaintiff outweighed the testimony of those for the defendant, and if, in their opinion, the testimony of the defendant's physicians outweighed the testimony of the physicians of the plaintiff, they had the right to so find.   But, with the testimony so evenly balanced upon the question of the permanency of the injuries, it was a question for the jury as to the weight to be given the testimony, and we have no right, under the circumstances, to disturb their finding and the mandate must be,

*Motion and exceptions overruled.*