## JOHN T. PRATT *vs.* GEORGE A. CLOUTIER.

## Androscoggin.    Opinion June 3, 1920.

*Master and servant.    Principal and agent.    Parent not liable for tort of child unless
the act complained of was authorized by the parent or was in the course of
some authorized employment.    Mere relation of parent and child
not sufficient.*

This was an action on the case brought to recover damages sustained by plaintiff as a result of certain injuries to his automobile alleged to have been caused by the negligence of the defendant.    The writ was dated January 28, 1919, and was entered at the March term, 1919, of the Superior Court for the County of Androscoggin.    The cause was heard before a jury at the May term, and a verdict returned in favor of the defendant.    The plaintiff filed exceptions, on which the case is now before this court for its determination.

On November 16, 1918, the plaintiff, with three other persons of full age, and two children in his car, was driving in a northerly direction on the road from Greene to Leeds, in Androscoggin County.    His car was a light Ford touring car.

The defendant's car, a high-power Paige touring car, going in the opposite direction at the time of the collision, was driven by his son, Davila Cloutier, accompanied by a young lady friend, only.

*Held:*

1.    The charge of the presiding Justice placed the question squarely before the jury, whether the relation of master and servant existed between the defendant and his son, and was wholly in accord with the law as stated in *Farnham* v. *Clifford*, 118 Maine, 145, which is decisive of this case.    And it may be said that the question was one for the jury exclusively.    To hold otherwise, and announce a rule such as is contended for here, would be to transcend our authority, and a departure from established law.

2.    A father who has provided an automobile for the pleasure of the family is not liable under the rule of master and servant, or principal and agent, for the negligent operation of the car by a member of the family competent to drive, who is permitted to take it for his exclusive pleasure or purpose.

3.    The mere relation of parent and child imposes upon the parent no liability for the torts of the child committed without his knowledge or authority, although the parent when he authorizes his child to act as his agent or servant is liable for the torts committed in the course of such employment.    Such liability does not grow out of the relation of parent and child, but out of the relation of master and servant or principal and agent, and must be based on rules of negligence.

4. We cannot adopt the rule for which the plaintiff contends. In such cases we feel bound to follow what we believe to be the sounder rule based upon the settled law of master and servant and principal and agent, a rule which has had universal acceptance, and the adherence of our court since its formation.

On exceptions. An action on the case to recover damages sustained by plaintiff resulting from a collision between his automobile and one operated by defendant's son in an alleged careless and negligent manner. Plea, the general issue. The cause was tried to a jury in the Superior Court for the County of Androscoggin at the May term, 1919, and a verdict was returned for defendant. The plaintiff took exceptions to the refusal of the presiding Justice to give certain requested instructions. Exceptions overruled.

Case stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Walter M. Sanborn*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

HANSON, J. This is an action on the case brought to recover damages sustained by plaintiff as a result of certain injuries to his automobile alleged to have been caused by the negligence of defendant. The writ was dated January 28, 1919, and was entered at the March term, 1919, of the Superior Court for the County of Androscoggin. The cause was heard before a jury at the May term, and a verdict returned in favor of the defendant. The plaintiff filed exceptions, on which the case is now before this court for its determination.

On November 16, 1918, the plaintiff, with three other persons of full age, and two children in his car, was driving in a northerly direction on the road from Greene to Leeds, in Androscoggin County. His car was a light Ford touring car.

The defendant's car, a high-power Paige touring car, going in the opposite direction at the time of the collision, was driven by his son, Davila Cloutier, accompanied by a young lady friend, only.

The plaintiff claimed that the defendant's automobile was driven at an excessive rate of speed, on the wrong side of the road, and carelessly and negligently ran into and upon the plaintiff's car, causing the damage sued for.

At the trial the following admission was made by the defendant's attorney, to wit:—

"It is admitted that the car colliding with the Pratt car belonged to or was owned by the defendant and was in the possession of Davila Cloutier and driven at that time by the permission of the defendant, and further that the young man, Davila Cloutier, is the son of the defendant and a member of his family and was authorized by the defendant to drive this car at any time for his personal or family pleasure, and at the time of the accident the car was being driven by Davila Cloutier for his personal pleasure."

The plaintiff requested the following instruction, which the presiding Justice declined to give:

"If the father, George A. Cloutier, bought the automobile for the general pleasure of his family and the individual members thereof and authorized his son, Davila Cloutier, to take the car and use it any time whenever he wanted to for such pleasure and the son was so using the car at the time of the collision, then the defendant is liable." The plaintiff excepted, and also took exception to the charge as a whole, and particularly to the failure of the presiding Justice to instruct the jury that if the father, George A. Cloutier, the defendant, bought the automobile in question for the pleasure and recreation of his family, of which his son, Davila Cloutier, was a member, and authorized and permitted the said Davila Cloutier to use said automobile for the general pleasure of the family and for his own individual pleasure, then the furnishing of said automobile under such conditions would be a part of the business of the father, George A. Cloutier, the defendant.

1.  As to the first exception, it suffices to say that the instruction given in the charge of the Justice presiding instead of that requested was taken verbatim from the decision of this court in *Farnham* v. *Clifford*, 118 Maine, 145, which in no manner differs in principle from the case at bar, and to which we adhere. The plaintiff's requested instruction was properly refused, and he therefore takes nothing by this exception.

2.  Exception No. 2 raises practically the same question that counsel raised in *Farnham* v. *Clifford,* supra, urging that the presiding Justice failed to give to the jury proper instruction as to the meaning of the word "business" as applied to this case. We quote in full that

part of the charge of the presiding Justice to which exceptions were taken, and express our entire concurrence in the law as stated therein. The presiding Justice instructed the jury as follows:—

"The plaintiff says that as a matter of law whatever negligence, if you find any, was committed in the conduct of the defendant's car was committed by the defendant, because whatever a person does by his servant he does by himself in the eye of the law.

"He says that in this case you must find the defendant guilty just the same as if he had been there driving that car because, as he asserts and claims, the young man who drove the car was, in the eyes of the law, the servant of the defendant. That is the law, if he was a servant of the defendant at that time, and if he was not the servant of the defendant, the defendant is not liable. I shall give you the law as it has very recently been stated in this court.

" 'Liability cannot be cast upon the defendant, (that is, George A. Cloutier in this case) because he owned the car or because the driver at the time of the accident was his son or because he permitted his son to use the car for his own purposes. . There must be the further relation of master and servant between them, and the son at the time of the accident must have been using the car in the business of the defendant.' "

"I do not know as I need to illustrate what would or would not be the business of the defendant. You can see that if you have a man in your employ and you send him out to do a job he is your servant in that respect. He is serving you, rendering you service, and if he does the job unsuccessfully you are responsible for it. If he does it well, you, perhaps, will get your pay for it.

"In his case, as to this point, the only question you have to consider is whether the young man when he was out with this car that evening was in any way upon the business of his father, or was he entirely and absolutely on his own business and on his own pleasure, using the father's car by the permission of his father and not in any way on business for the father. That is the only question as to this branch of the case."

The charge placed the question squarely before the jury, whether the relation of master and servant existed between the defendant and his son, and was wholly in accord with the law as stated in *Farnham* v. *Clifford*, supra, which is decisive of this case. And it may be said that the question was one for the jury exclusively. To hold other-

wise, and announce a rule such as is contended for here, would be to transcend our authority, and a departure from established law.

The plaintiff cites and relies upon *Marshall* v. *Taylor*, 168 Mo. App. page 240,—Southwestern Rep. 153, page 527,—

"Where an automobile was provided by a father for the use of members of his family, and an adult son was chauffeur for them, and was permitted to use the car for his own pleasure, the son was an agent of his father, though using the car for his own pleasure." *Stowe* v. *Morris*, 147 Ky., page 386, 144 S. W., 52,—

"Where the defendant bought an automobile for the comfort and pleasure of his family, his son being authorized to use it at any time for such purpose, the son, in taking it out for the pleasure of himself and sister, with whom were some friends, was a servant or agent of the defendant, not performing an independent service of his own, but the business of defendant, making defendant liable for his negligence in driving it." *Hays* v. *Hogan*, Mo. App., 1914, 165 S. W., 1125,—

"Where an adult son, living with his father as a member of the family, used the father's automobile, purchased for general family use, with the father's express or implied consent, on a trip purely for his own pleasure and in no way connected with any business of the father, the relation of master and servant existed, and the father was liable for the death of plaitiff's husband caused by the negligence of the son in so operating the car." Plaintiff cites also *Johnson* v. *Smith*, Minnesota Supreme Court, July 25, 1919. As to *Hays* v. *Hogan*, Supreme Court of Missouri, Dec. 22, 1917, 200 S. W., 286, supra, it will be found upon examination that the final decision of that case was against the plaintiff's position, although in the first instance holding as plaintiff contended. The opinion reported in 200 S. W. 286, holds "that a father is not liable for the torts of his minor or adult children simply because of the relationship,—" and "that a father is not liable for the negligence of a minor son in driving an automobile purchased for the use of the family, solely in furtherance of the child's own business or pleasure, and permission of the father is immaterial." It will be found, also, that the conclusion therein negatives the value of *Marshall* v. *Taylor* and *Stowe* v. *Morris*, supra, as authorities in the instant case. Reference is made to *Blair* v. *Broadwater*, infra, where, as in *Hays* v. *Hogan*, will be found an exhaustive review of the cases.

In *Johnson* v. *Smith*, supra, presented to us by agreement of counsel after this case was argued, and from which we quote at length because of its clear statement of position, the plaintiff's intestate died from an injury received when an automobile in which she was riding overturned through the alleged negligence of the driver thereof, the defendant Harold Smith, the minor son of the defendant Swan Smith. Father and son were sued. The father kept the automobile for business and pleasure. Harold, a minor, was usually the driver, and at the time of the accident was using the automobile with the implied consent at least of his father, in conveying plaintiff's intestate, a guest at the home of the defendants. The accident causing the death of plaintiff's intestate was due to the careless driving by Harold Smith. The separate motion of defendants for a new trial being denied, each took an appeal. The court say: "The main contention is that the court erred in refusing to submit the defendant Swan Smith's liability to the jury under appropriate instructions. The charge given was that if the negligence on the part of Harold proximately caused the death of plaintiff's intestate, plaintiff was entitled to a verdict against both defendants. Swan Smith testified that he bought and kept the car partly for business use and partly for pleasure of the members of the family, including Harold, and that Harold was privileged to take and use it whenever he desired. On this occasion Swan Smith was at home when plaintiff's intestate was entertained as a guest and apparently knew and acquiesced in her entertainment by Harold. There the court say: "This court stands committed to the rule that where the head of the family makes it his business to provide recreation and pleasure for the family and its several members, and to that end furnishes an automobile, he is responsible for its negligent use by any one of the family having his permission to drive it;" and the opinion cites *Ploets* v. *Holt*, 124 Minn., 169, 144 N. W. 745; *Kayser* v. *Van Nest*, 125 Minn. 277; *Jansen* v. *Fischer*, 134 Minn., 366; *Uphoff* v. *McCormick*, 139 Minn., 392; *Johnson* v. *Evans*, 170 N. W., 220; *Dennison* v. *McNorton*, 228 Fed., 401; *Crittenden* v. *Murphy*, 173 Pac., 595; *Hutchins* v. *Haffner*, 167 Pac. 966; *Lemke* v. *Ady*, 159 N. W., 1011; *Stowe* v. *Morris*, 147 Kentucky, 386; *Farnham* v. *Clifford*, 116 Maine 299; *Lewis* v. *Steele*, 52 Montana, 300; *Boes* v. *Howell*, 173 Pac. 966; *McNeal* v. *McKain*, 33 Okla., 449; *Davis* v. *Littlefield*, 97 S. C. 171; *King* v. *Smythe*, 140 Tenn., 217; *Birch* v. *Abercrombie*, 74 Wash., 496; *Hiroux* v, *Baum*, 137 Wis., 197.

The foregoing citations include the majority of the decisions favoring the plaintiff's view. Other cases may be found by reference to the interesting report of *Johnson* v. *Evans*, supra, in Law Notes, of January, 1920, and in Minnesota Law Review, January, 1920, pages 73 and 74.

The court cites the following cases supporting the defendant's contention that the father who has provided an automobile for the pleasure of the family is not liable under the rule of master and servant, or principal and agent, for the negligent operation of the car by a member of the family, competent to drive, who is permitted to take it for his exclusive pleasure or purpose, viz:—*Parker* v. *Wilson*, 179 Ala. 361; *Watkins* v. *Clark*, 103 Kansas, 629; *Wood* v. *Clements*, 113 Miss., 720; *Hays* v. *Hogan*, 273 Mo., 1; *Doran* v. *Thomsen*, 76 N. J. L., 754; 71 Atl., 296; 19 L. R. A., (N. S.), 335; *Van Blaircom* v. *Dodgson*, 220 N. Y., 111; *McFarlane* v. *Winters*, 47 Utah, 598; *Blair* v. *Broadwater*, 93 S. E., 632; *Winn* v. *Haliday*, 109 Miss., 691. . . . . The learned Justice in arriving at his conclusion, among other things says: "The reason for fixing responsibility under the master and servant or principal and agent rule seems clear enough when the family automobile is used for the pleasure or convenience of other members of the owner's family than the driver, but appears to the writer somewhat doubtful when the driver, it may be an adult son or daughter, uses the car for his or her own purpose exclusively." In *Legenbauer* v. *Exposita*, (N. Y., 1919), 176 N. Y. S., 42, where several girls asked a son for a pleasure ride in his father's automobile, and upon being referred to the father, asked him if his son could give them a 'joy ride,' received the father's consent. The plaintiff was injured through the son's negligent driving, and brought action against the father. Held, "that the defendant was not liable since he had no interest in the pleasure ride, the son under such circumstances not being the father's agent." The mere relation of parent and child imposes upon the parent no liability for the torts of the child committed without his knowledge or authority, and although the parent when he authorizes his child to act as his agent or servant is liable for the torts committed in the course of such employment. Such liability does not grow out of the relation of parent and child, but out of the relation of master and servant or principal and agent, and must be based on rules of negligence, 29 Cyc., 1665.

The instant case is not one where a minor son was driving a car for the pleasure of "himself, his sister, and a guest of the family" as in *McNeal* v. *McKain*, supra, or where a car bought both for business and pleasure was being driven by a minor son, in which were all the members of the family except the father and mother, as in *Denison* v. *McNorton*, supra, where, as in the former case, the father was held liable. The distinction between such cases and the instant case is found in the fact that in the former, other members of the family were in the car at the time of the accident, and the jury might well find that the driver in such circumstances was engaged in his father's business. Few, indeed, of the many cases cited will be found to go so far as to hold a father liable when a son, alone in the father's car, seeking only his own pleasure and entertainment, and while so engaged injures a third party. The reason for finding the father liable in the cases so holding is usually founded on the fact that one other member of the family, at least, accompanied the driver, thus raising the questions which in each case have gone to the jury, was the driver engaged in the business of the father or owner at the time of the injury complained of? Was he the servant or agent of his father at the time of the accident? Both questions must be tested by the rule that, "in determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was at the time engaged in serving his master. If the act is done while the servant is at liberty from service, and pursuing his own ends exclusively, there can be no question of the master's freedom from responsibility, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master." 1 Sherman and Redfield, Negligence, 5th Ed., 147. In *Doran* v. *Thomsen*, New Jersey Court of Errors and Appeals, 76 N. J. Law, 754, 71 Atl., 296, 19 L. R. A., (N. S.), 335, where a daughter nineteen years of age was running an automobile for her own pleasure in driving her personal friends negligently injured a person in the highway, the court charged the jury that:— "If she took that machine out at that time in pursuance of a general authority of her father to take it whenever she pleased for the pleasure of the family, and for her own pleasure, for the purpose for which the master bought it, for the purpose for which her father owned it, for the purpose for which he expected her to operate it, then she was the servant of the father. Under

those circumstances, that was the business for which the father bought the machine." The instruction was held to be error, because it based the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child, ignoring an essential element in the creation of that status as to third persons, that such use must be in furtherance of, and not apart from, the master's service and control.

The instruction sought in the instant case was substantially the same as given in *Doran* v. *Thomsen,* supra, and the opinion in that case is in accord with our own view as heretofore expressed. In *Blair* v. *Broadwater,* Virginia Supreme Court of Appeals, Sept. 20, 1917, 93 S. E., 632, the court cites *Doran* v. *Thomsen,* supra, with approval, as substantially the same in its facts, and identical in principle, and commends the rule stated in *Smith* v. *Jordan,* 211 Mass., 269, 97 N. E., 761, in relation to the responsibilities of a parent for the torts of his minor child, which in no particular differs when the torts of an adult child are involved, in this class of cases. The Massachusetts court say: "The principles of law which govern this case are plain. A father is not liable for the torts of his minor son, simply because of paternity. There must exist an authority from the father to the son to do the tortious act, or a subsequent ratification and adoption of it, before responsibility attaches to the parent. . . . . The wrongful act must be performed by the son in pursuance of the business, incident, or undertaking authorized by the father before the latter can be liable. . . . . If the act is not done by the son in furtherance of the father's business, but in performance of some independent design of his own, the father is not liable. The controlling rules of law are the same, whether the business in question concerns the operation of an automobile or any other matter." *Smith* v. *Jordan,* 211 Mass., 269. To the same effect is *Schroer* v. *Brooks,* Missouri Supreme Court, February 16, 1918, 200 S. W., 1068, in which is cited *Guthrie* v. *Holmes,* 198 S. W., 854, and *Hays* v. *Hogan,* supra.

In *Johnson* v. *Smith,* supra, the learned court cited *Farnham* v. *Clifford,* 116 Maine, 299, as supporting the rule to which the Minnesota court is committed, but it will be found upon examination that *Farnham* v. *Clifford,* supra, is clearly to be distinguished, in facts and in principle. In that case the defendant, after the accident and with full knowledge of the facts, admitted his liability, and at the trial did

not deny the admission. The opinion upon this point concludes: "The defendant having admitted his liability, and when a witness in his own behalf, not having explained or modified his admission, it is useless to discuss the rights of the parties upon the theory that facts existed which the defendant by his admission shows did not exist."

Examination of the cases discloses a divergence of opinion not soon to be reconciled, a difference of view arising from occurrences due to the advent of the automobile. The situation is new, but while the use of the automobile is general and steadily increasing, displacing locally nearly all other means of transportation, the change has been accomplished in such order that the public generally cannot be said to have suffered therefrom. In any event we cannot adopt the rule for which the plaintiff contends. In such cases we feel bound to follow what we believe to be the sounder rule based upon the settled law of master and servant and principal and agent, a rule which has had universal acceptance, and the adherence of our court since its formation.

Before motor cars as now known were invented, a case involving the same principle arose in this State. In *Maddox* v. *Brown*, 71 Maine, 432, where the defendant's son, a minor of the age of seventeen years, took his father's horse and carriage, which he had been allowed to use without restriction, and drove to a store for the purpose of depositing money, which as treasurer of a Sabbath school he had received the day before. Entering the store to make the deposit, he left his horse unfastened and unattended, and the horse so left started, and running away, the defendant's carriage collided with the plaintiff's team and occasioned an injury, to recover compensation for which the action was brought. The plaintiff claimed to recover, "not on the ground of parental and filial relation, but because the son in the management of the defendant's team was his servant, and engaged in his business, and that the defendant was liable for his negligence; and this court held that the father was not liable, "that the relation of master and servant must exist at the time of the injury," and "that it cannot be pretended, that under the circumstances stated, the boy was engaged in the business of his father or acting for him. The jury could not have drawn the inference that he was so engaged or was so acting. It would have been unauthorized from the evidence."

Such conclusion in the instant case would be equally unauthorized. The entry will be,

*Exceptions overruled.*