WILMER J. CANNON, d. b. a., *vs.* JOSEPH W. BASTIAN, p. b. r.

MASTER AND SERVANT—AUTOMOBILE OWNER HELD NOT LIABLE FOR NEGLIGENT DRIVING BY SON.

The owner of an automobile kept for family use is not liable for the negligent driving by a minor son 20 years old, not a member of his father's household, but employed at a distant place and using the car solely in connection with his employer's business, without his father's knowledge or consent, after being told by his father to take the car for the purpose of repairing it.

(*January* 19, 1922)

PENNEWILL, C. J., sitting.

*Henry R. Isaacs* and *LaPenne Guenveur* for defendant below, appellant.

*Philip L. Garrett* and *George W. Lilly* for plaintiff below, respondent.

Superior Court for New Castle County, January Term, 1922.

Appeal from Court of Common Pleas, No. 139, January Term, 1921.

Action by Wilmer J. Cannon, defendant below, appellant, against Joseph W. Bastian, plaintiff below, respondent. From a judgment for plaintiff in the Court of Common Pleas. Directed verdict for plaintiff below, respondent.

PENNEWILL, C. J., delivering the opinion of the court.

At the close of the plaintiff's testimony a motion was made by the defendant that a nonsuit be entered because:

"The facts as proved by the plaintiff are merely that the defendant was the owner of the car that figured in the accident, and that at the time of the accident, it was being operated by his son."

While such facts were shown, it was also shown that said car was bought by the defendant as a passenger car to be used by him and his family, that the car at the time of the accident was driven by his minor son, and that his son had used the car with his knowledge and consent, at other times.

The motion for a nonsuit was refused, with a suggestion from the court that the same question might be raised by a prayer for binding instructions.

It is this prayer that is now before the court, and it is important that all the undisputed pertinent testimony be stated and considered.

In addition to the facts above set forth, it was shown that the minor son of the defendant, who was driving the car at the time of the accident, was over 20 years of age, had several years' experience in the operation of motor cars, and knew how to repair them. He, was therefore, presumably a capable driver. It was also shown that, at the time of the accident, said minor was not living with his father in Seaford, but was employed by the American Manganese Steel Company in the city of New Castle. The testimony further shows that shortly before the accident the son, being at his father's home, was told by his father to take the car with him when he returned to New Castle, for the purpose of being repaired. This the son did, but on the day of the accident, having occasion to go from New Castle to Wilmington on business for his employer, he drove his father's car, and in returning to New Castle, with two other young men, his car collided with the car of the plaintiff on the public road near Farnhurst.

It is undisputed that the car was sent to New Castle for repairs and for no other purpose, and the father testified that he did not know his son was going to drive the car to Wilmington, consent thereto, or have any knowledge that it was to be so used.

The plaintiff contends that the defendant is liable for any negligence of his son in the operation of the car that caused the

accident in question. This contention is based on what is known as the family service, or purpose, doctrine, which according to some authorities means, that the owner of an automobile, purchased and maintained for the use and pleasure of himself and family, is liable in damages to a third person for injuries sustained through the negligent operation of the automobile by a member of the family.

There is an irreconcilable conflict in the decisions of courts of last resort, not so much, I think, with respect to the doctrine as to its application to the facts proved.

The real question seems to be, what is meant by the term "use or pleasure of the family"? And particularly what is meant by "family"? Some courts have held that it extends to the use of the car by any member of the family for his own personal pleasure, and others restrict its use to the pleasure of the family as such.

In the case of *Pratt v. Cloutier*, 119 *Me*. 203, 110 *Atl*. 353, 10 *A. L. R*. 1434, the court, after examining the cases in which the family purpose doctrine has been generally upheld, said:

"The distinction between such cases and the instant case is found in the fact that in the former other members of the family were in the car at the time o f the accident, arid the jury might well find the driver in such circumstances was engaged in his father's business. Few indeed, of the many cases cited will be found to go so far as to hold a father liable when a son alone in the father's car, seeking only his own pleasure, * * * and while so engaged injures a third party."

But many cases hold a father liable even under such circumstances, and this the learned court admits by saying in conclusion:

"Examination of the cases discloses a divergence * * * not soon to be reconciled. * * * In any event we cannot adopt the rule for which the plaintiff contends. In such cases we are bound to follow what we believe to be the sounder rule based upon the settled law of master and servant and principal and agent."

To the same effect are the following cases: *Arkin v. Page*, 287 *Ill*. 420, 123 *N. E*. 30, 5 *A. L. R*. 225; *Daily v. Maxwell* (1911) 152 *Mo. App*. 415, 133 *S. W*. 351; *Stowe v. Morris* (1912) 147 *Ky*. 386, 144 *S. W*. 53, 39 *L. R. A*. (*N. S*.) 224; *Allen v. Bland* (*Tex. Civ. App*. 1914) 168 *S. W*. 35; *Griffin v. Russell* (1915) 144 *Ga*. 275, 87 *S. E*. 10, *L. R. A*. 1916F, 216, *Ann. Cas*. 1917D, 994; *Davis v.*

*Littlefield* (1914) 97 *S. C.* 171, 81 *S. E.* 487; *Ploetz v. Holt* (1913): 124 *Minn.* 169, 144 *N. W.* 745; *Smith v. Jordan*, 211 *Mass.* 269, 97 *N. E.* 761; *Jensen v.Fisher* (1916) 134 *Minn.* 366, 159 *N. W.* 827; *Missell v. Hayes*, 86 *N. J. Law*, 348, 91 *Atl.* 322.

The following cases are some of those that uphold the contrary view: *Hays v. Hogan*, 273 *Mo.* 1, 200 *S. W.* 286, *L. R. A.* 1918C, 715 *Ann. Cas.* 1918E, 1127; *Doran v. Thomsen*, 76 *N. J. Law*, 762, 71 *Atl.* 296, 19 *L. R. A.* (*N. S.*) 335, 131 *Am. St. Rep.* 677; *Watkins v. Clark*, 103 *Kan.* 629, 176 *Pac.* 131; *Smith v. Jordan*, 211 *Mass.* 269, 97 *N. E.* 761; *Blair v. Broadwater*, 121 *Va.* 301, 93 *S. E.* 632, *L. R. A.* 1918A, 1011; *Heissenbuttel v. Meagher*, 162 *App. Div.* 752, 147 *N. Y. Supp.* 1087; *Maher v. Benedict*, 123 *App. Div.* 579, 108 *N. Y. S.* 228; *Van. Blaricom v. Dodgson*, 220 *N. Y.* 111, 115 *N. E.* 443, *L. R. A.* 1917F, 363; *Pratt v. Cloutier*, 119 *Me.* 203, 110 *Atl.* 353, 10 *A. L. R.* 1434; *Spence v. Fisher* (*Cal., Supreme Court in Banc*) 193 *Pac.* 255, 14 *A. L. R.* 1083.

But it is not necessary for the court, in the present case, to approve or disapprove either line of decisions, for in my opinion the facts distinguish it from any that have been cited.

The son who was driving the defendant's car at the time of the accident was not then living in his father's family, but about 100 miles away. He was engaged in businees in a distant place, and it is not reasonable to believe that the car was for his use when so engaged. When the accident occurred, it could not be considered that the car was being used in the father's business; that is, for the use or pleasure of his family. It was, in fact, used in the business of the son's employer, or at least by the son in the furtherance of that business.

It may be conceded that the purpose of a father in purchasing an automobile for the use of his family, is to promote thereby the pleasure and convenience of the family. That may be considered his business, and the son may be his agent in its prosecution, but in the use of the car the son must act within the scope of the father's business. It cannot be, that a son nearly 21 years of age, not a member of his father's household, but engaged in business

in a distant place, and using his father's car solely in connection with his employer's business, is an agent of the father in carrying out the father's business or purpose.

The plaintiff admits, of course, that at common law, and in the absence of a statute, the parent is not liable for the torts of the child committed without the parent's authority, express or implied; that the liability of the parent is based upon the relation of principal and agent, or master and servant, and is governed by the rules applicable to such relations.

This court held in the case of *Shockley v. Shepherd*, 9 *Houst.* (*Del.*) 270, 32 *Atl.* 173, that the father is not liable for damages occasioned by the reckless and unlawful driving of his minor son. I am clearly of the opinion that there is nothing in the evidence which shows that at the time of the accident, the defendant's son was acting either expressly or impliedly as the agent or servant of the father.

If public policy requires that the owner of an automobile, purchased for the use or pleasure of himself and his family, should be liable in every case for injuries to a third person caused by negligence in the operation of the car, used with the owner's consent, express or implied, it should be effected by appropriate legislation, as has been done in Michigan and a few other states; it cannot, in my opinion, be done by judicial decision without unsettling some of the well-established principles of principal and agent of master and servant. *Stapleton v. Brewing Co.*, 198 *Mich.* 170, 164 *N. W.* 520, *L. R. A.* 1918A, 916.

The court's decision in this case is based entirely on the undisputed evidence, and the opinion goes no further. It clearly appearing that the evidence fails to show any legal liability of the defendant to the plaintiff in this action, the jury are directed to return a verdict for the defendant.