## HARDY v. SMITH.
### No. 5931.

Court of Appeals of the District of Columbia.

Argued Dec. 7, 1933.

Decided Jan. 15, 1934.

Russell Hardy, of Washington, D. C., pro se.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the municipal court.

Plaintiff (plaintiff in error) brought suit against the defendant (defendant in error) for damages resulting from alleged negligence of defendant's minor son in the operation of an automobile.

At the close of all the evidence the court found for the defendant "on the ground that the evidence showed that there was no relation of agency or master and servant between the defendant and his son."

The defendant's son, nineteen years of age, testifying for the plaintiff, stated that at the time of the accident he was driving the car "with the defendant's knowledge and permission. He was driving to school." He did not "own the car; the defendant owns it." The registration card for the car produced by the witness bore the name of the defendant as owner. The defendant admitted that the application for the certificate of title for the car bore his signature and that the certificate of title had been issued to him pursuant to that application, and that the application for the registration of the car had been signed by him as the owner of the vehicle. Plaintiff testified that after the accident the defendant stated to him that he (defendant) owned the car driven by his son; that he had turned it over to his son for use in going to school and otherwise; that his son was using it the morning of the accident with his authority and permission. There was no denial of this testimony by the defendant, although he testified that he "gave the car to his son on the express understanding that he should not be responsible because of the dangerous nature of an automobile in the hands of young persons; because you cannot foresee what will happen."

The evidence that the ownership of the car was in the defendant was overwhelming. It is not denied that the minor son was using the car with the father's knowledge and consent in driving to school. In our view the court erred in reaching the legal conclusion from this evidence that "there was no relation of agency or master and servant." That the son at the time of the accident was acting within the scope of the authority conferred upon him by the father is plain. The legal effect was the establishment of the relationship of agency. Smith v. Jordan, 211 Mass. 269, 97 N. E. 761; Denison v. McNorton (C. C. A.) 228 F. 401; see, also, Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. Ed. 1158.

It results, therefore, that the judgment must be reversed, with costs, and the cause remanded for a new trial.

Reversed and remanded.