CLARK v. BUCKMOBILE CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

LIABILITY OF MASTER—NEGLIGENCE OF SERVANT—EVIDENCE.

   The general manager of an automobile company took a day off from business, and went to another city on his own affairs, where, at the request of a co-employé, he purchased for him some goods, which he charged to the company, as a means of paying for them.   On his return he telephoned for another employé to come to the station for him with an automobile, and, on the way from the station, plaintiff was injured, owing to the negligence of the two persons directing the movements of the automobile.   Held, that the company was not liable, as the negligent parties were not engaged in its business.

   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1217–1225.]

Appeal from Trial Term, Oneida County.

Action by Emma E. Clark against the Buckmobile Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Cookingham, Sherman & Cookingham, for appellant.
Devine & Lillis, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event.

The action was brought to recover damages for injuries to the plaintiff alleged to have resulted from the defendant's negligence. The injuries were received in an automobile accident. Assuming that the machine was the property of this defendant, a corporation, it does not necessarily follow that the defendant is liable for the injuries complained of. It must further appear that the machine was being operated at the time of the accident by the defendant; that is, by persons who were, in operating it, the agents and servants of the defendant. The mere fact that the persons in charge of the machine at the time of the accident were employés of the defendant does not render defendant liable for whatever they did. Unless they were engaged in the defendant's business at the time the accident occurred, the defendant is not liable for any injuries to the plaintiff resulting therefrom. King v. N. Y. C. & H. R. R. Co., 66 N. Y. 181–184, 23 Am. Rep. 37; Engel v. Eureka Club, 137 N. Y. 100–103, 32 N. E. 1052, 33 Am. St. Rep. 692; Higgins v. W. U. Tel. Co., 156 N. Y. 75–78, 50 N. E. 500, 66 Am. St. Rep. 537.

Birdsall was the general manager of defendant while engaged in its business. When not engaged in such business, he represented no one but himself. Davis was an employé of the defendant while engaged in its business, but when not so engaged he did not represent defendant. These two men were in charge of the machine when the accident occurred. Davis was running it, and Birdsall was giving more or less directions with reference to its movements. Neither of them was engaged in defendant's business, however. They did not represent the defendant, and it was not and is not liable for any negligence they were guilty of, which caused plaintiff's injuries. Suppose they had taken a day off, for pleasure, and had borrowed or leased the machine from the defendant to enable them to enjoy their outing; would the defendant be liable for any injuries resulting from their negligence in operating the machine while they were out upon the road? Suppose, after business hours, any day, they had borrowed or leased the machine from the defendant to enjoy a few hours' run across the country for their own pleasure; would the defendant be liable for any injuries caused by their negligent operating of the machine while they were out? It is quite apparent that in the cases suggested no liability of the defendant would result. The reason is that in order to establish liability the persons must not only be generally

employés of the defendant, but must be employed in the defendant's business, and not merely in their own recreation and pleasure, at the time the injuries are caused. This defendant is a corporation, and not an individual, and its agents cannot render it liable by merely helping themselves to its machine and using it outside its business, and purely for their own private purposes, whether of business or pleasure. On the day of this accident, Birdsall took a day off, and went to Syracuse upon his own private business. A co-employé requested him to purchase for him a small item of property. Birdsall did the errand as requested, and, as a means of paying for the article, had it charged to the defendant. The amount could thus readily be adjusted in paying the co-employé his wages, and it could be obtained at a reduced rate if charged to the defendant. This was in no proper sense business done for the defendant. Birdsall was off for the day purely and only on his own business. He was in no way engaged in the defendant's business. When he returned home he telephoned for Davis to come to the depot for him with the automobile. Davis did as requested, and on the way from the depot the accident occurred. Birdsall directed the use and movement of the machine, not in the defendant's, but in his own personal, business. The defendant had no duty to bring Birdsall from the depot, and the doing so could not be regarded as in defendant's business. This issue was submitted to the jury, as one of fact, whether the men in charge of the machine were engaged in the defendant's business when the injuries to plaintiff were inflicted. The jury found for the plaintiff, but such finding was not justified by the evidence given in the case. The verdict as to this issue, if not absolutely without evidence to support it, was at least contrary to and against the weight of the evidence. There is doubt as to whether the findings of negligence and the absence of contributory negligence were not contrary to and against the weight of evidence, but we refrain from discussing the evidence relating to these issues, because we have concluded to reverse the judgment and direct a new trial; and we desire to leave the jury, upon the new trial, free to form their own conclusions as to the facts.

The reversal should be upon the facts as well as the law. All concur.

Judgment and order reversed, and new trial ordered; costs to abide the event.