### HEISSENBUTTEL v. MEAGHER.   (No. 5844.)

(Supreme Court, Appellate Division, First Department.   May 29, 1914.)

MASTER AND SERVANT (§ 301*)—TORTS OF CHILD—OPERATION OF AUTOMOBILE.
    Defendant, owner of an automobile, allowed his son, 24 years of age, to operate it for his individual purposes whenever he desired. It was customary for the son to act as chauffeur when the car was used by defendant or other members of the family. When plaintiff was struck, the son had taken the car for a pleasure drive, being accompanied by several of his friends; neither defendant nor any other member of the family, except the son, being of the party. *Held,* that the car at the time of the accident was neither expressly nor constructively in the service of the defendant, and the son at that time was not defendant's agent, and he was therefore not liable for the son's negligent operation of the car.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216;  Dec. Dig. § 301.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexe*

Appeal from Trial Term, New York County.

Action by Adele Heissenbuttel against Mark C. Meagher. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed and dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Stephen P. Anderton, of New York City, for appellant.
Abraham Gruber, of New York City, for respondent.

HOTCHKISS, J. The plaintiff, while standing in a public street, waiting for a surface car, was struck and injured by an automobile belonging to defendant and driven by his son, a young man 24 years of age. This son was pursuing his studies as a law student, and lived with his father as a member of his family. The automobile was a pleasure vehicle kept by defendant for the use of himself and his family. His son was privileged to use it for his individual purposes, whenever he so desired. It was customary, also, for the son to act as chauffeur of the car when it was used by defendant or other members of the family. On the occasion of the accident, the son had taken the car out for a pleasure drive, accompanied by several of his friends. Neither defendant nor any other member of his family, except his son, was in the party.

It is evident from these facts that when the accident happened the car was neither expressly nor constructively in the use or service of the defendant, and that in driving the car the son was in no way acting as the defendant's agent. Under these circumstances, we hold that defendant is not liable for his son's negligent operation of the car. The principle involved has been applied in so many cases that the citation of but a few will suffice. Tanzer v. Read, 160 App. Div. 584, 145 N. Y. Supp. 708; Friedbaum v. Brady, 143 App. Div. 220, 128 N. Y. Supp. 121; Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228.

The judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.