## Staunton.

### BLAIR V. BROADWATER.

#### September 20, 1917

1. AUTOMOBILE—*Dangerous Machine—Negligence Per Se.*—An automobile is not such a dangerous machine or agency as to make applicable to it the rules requiring extraordinary care in the use and control of instrumentalities which are dangerous *per se.*

2. AUTOMOBILES—*Parent and Child—Master and Servant—Case at Bar.*—In an action for damages against a father by plaintiff, who was struck by an automobile owned by the father and operated by his daughter, a minor nineteen years of age, the evidence showed that the father bought and kept the car for the use and pleasure of himself and family. He was a deputy sheriff, and also used the car sometimes in the discharge of his official duties. The daughter was a careful and experienced driver, and on the day of the accident she sought and obtained permission from her father to use the car that afternoon for the pleasure and entertainment of herself and her cousin. It affirmatively appeared that the daughter was not using the car on any errand or business of the father.

   *Held:* That the relationship standing alone does not render the father liable for the acts of his minor daughter; that such liability must result from the relation of master and servant or principal and agent, and the absence of that element of responsibility in this case affirmatively appears.

Error to a judgment of the Circuit Court of Scott county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*W. S. Cox* and *J. P. Corns,* for the plaintiff in error.

*Coleman & Carter*, for the defendant in error.·

WHITTLE, P., delivered the opinion of the court.

Plaintiff in error, Blair, while walking along a public highway near Gate City, was struck by an automobile owned by Broadwater and operated by his daughter, a minor nineteen years of age, and brought this action to recover damages from the father for the alleged negligence of his daughter.

The evidence showed that Broadwater bought and kept the car for the use and pleasure of himself and family. He was a deputy sheriff, and also used the car sometimes about the discharge of his official duties. The daughter was a careful and experienced driver, and on the day of the accident she sought and obtained permission from her father to use the car that afternoon for the pleasure and entertainment of herself and her cousin. It affirmatively appeared that the daughter was not using the car on any errand or business of the father, but was driving it alone for the pleasure and entertainment of herself and friend.

The controlling question in the case is presented by opposing instructions requested by the plaintiff and defendant, respectively. The instruction offered by the former embodied the proposition that if the defendant purchased the automobile for the use and pleasure of himself and family, and at the time of the accident his daughter was a member of his family and under twenty-one years of age, and was using the automobile for her own pleasure and the entertainment of her friend, with the knowledge and consent of the defendant, then the defendant was liable for the negligence of his daughter to the same extent and in like manner as if he, personally, at the time of the accident, had been driving the automobile. The opposing instruction requested by the defendant, in effect, was, that

in order to render the defendant liable for the negligence of his daughter, it must have appeared by a preponderance of the evidence that, at the time of the accident, she was operating the automobile in transacting some business, or in the management of some affair of the defendant and by his authority.

The court rejected the prayer of the plaintiff and gave the instruction requested by the defendant, which ruling resulted in a verdict and judgment for the defendant.

Two theories are advanced why the owner of an automobile should be liable for injuries inflicted upon third persons by his minor child while using the machine, with his consent, for the child's own business or pleasure, namely:

1. Because the parent is responsible for intrusting a dangerous machine to the hands of his child. This liability, it will be observed, does not depend upon the child's negligence, but upon that of the parent in permitting the child to use a dangerous instrumentality.

2. The second theory proceeds upon the assumption that as the parent originally purchased the machine for the use and pleasure of the family, the use of it by the child with the parent's permission for its own pleasure is but applying it to the business for which it was bought; and, therefore, the child's use of it was for the parent's business.

The first proposition is sufficiently answered by the decision of this court in the recent case of *Cohen* v. *Meadow,* 119 Va. 429, 89 S. E. 876, where it is held that, "An automobile is not such a dangerous machine or agency as to make applicable to it the rules requiring extraordinary care in the use and control of instrumentalities which are dangerous *per se.*"

The second proposition is discussed in *Doran* v. *Thomsen,* 76 N. J. L. 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 667, as follows: "It bases the creation of the relation of master and servant upon the purpose

which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child. This proposition ignores an essential element in the creation of that status as to third persons, that such use must be in furtherance of, and not apart from, the master's service and control, and fails to distinguish between a mere permission to use and a use subject to the control of the master and connected with his affairs. The reason for liability is founded upon the idea of control which a master has over his servant. The court, although attempting to rest the liability upon the relation of master and servant, yet actually tested the liability by the fact that she was intrusted with the operation of the machine for her own pleasure, if purchased for that object, whereby she *ipso facto* became a servant. So that the charge thus in fact left the legal relationship of master and servant out of account, and raised it in name only because the daughter was allowed to drive the machine. In this there was also error."

So, also, in *Van Blaricom* v. *Dodgson*, 220 N. Y. 111, 115 N. E. 443, it is said: "It has always been supposed that a person who was permitted to use a car for his own accommodation was not acting as agent for the accommodation of the owner of the car. *Reilly* v. *Connable*, 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916 A. 954, Ann. Cas. 1916 A, 656. The attempt is made, however, to reconcile these apparently contradictory features of this proposition by the assertion that the father had made it his business to furnish entertainment for the members of his family, and that, therefore, when he permitted one of them to use the car, even for the latter's personal and sole pleasure, such one was really carrying out the business of the parent, and the latter thus became a principal and liable for misconduct. This is an advanced proposition in the law of principal and agent, and the question which it presents really resolves itself into the one whether, as a matter of common sense

and practical experience, we ought to say that a parent who maintains some article for family use and occasionally permits a capable son to use it for his individual convenience, ought to be regarded as having undertaken the occupation of entertaining the latter and to have made him his agent in this business, although the act being done is solely for the benefit of the son. That really is about all there is to the question. Not much can be profitably said by way of amplification or in debate of the query whether such liability would rest upon reasonable principles, or whether it would present a case of such theoretical and attenuated agency, if any, as would be beyond the recognition of sound principles of law as they are ordinarily applied to that relationship. The question largely carries on its face the answer, whichever way to be made. Unquestionably, an affirmative answer has been given by the courts of some States."

The case of *Cohen* v. *Meador, supra,* though differing in some of its facts, is closely in point to the one in judgment and very instructive. The action was against the father, who owned the automobile, and his adult son who was driving it, to recover damages for personal injuries resulting from the fright of a horse, imputed to the negligence of the son. In the trial court there was a verdict and judgment against both defendants; but on writ of error this court reversed the judgment as to the father, and affirmed it against the son. Kelly, J., in discussing the question of the father's liability, said: "The testimony of the younger Cohen, which in this respect is not contradicted, is that the Cohen family had just returned from Big Stone Gap; that he had driven them in the car; that on his return he left his father and mother and family at the store * * *; that with his two smaller brothers, he had started to put the car up when he met two friends whom he invited to go with him for a ride; that they accepted and he was taking

them towards West Norton when he struck the horse; that he supposed his father thought he had taken the car to put it up; and that his father did not know that he had the car out at that time. It further appears that E. H. Cohen, up to the time of the accident, had done practically all of the driving of the car for his father and family.

"In this state of the evidence we do not think the judgment against J. Cohen can be upheld. The authorities seem to have established the doctrine that an automobile is not inherently such a dangerous machine or agency as to make applicable to it the rules requiring extraordinary care in the use and control of instrumentalities which are dangerous *per se.* David's Law of Motor Vehicles, sec. 11; 2 R. C. L., sec. 34, p. 1190; *McNeal* v. *McKain*, 33 Okl. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775, 779, and many cases cited. The liability of the owner, therefore, for injuries occurring while the car is being used by another, depends ordinarily, and in the case at bar, upon whether the familiar rule of agency, known as the rule of *respondeat superior*, applies. Relationship alone does not make a father answerable for the acts even of his minor child, and clearly not so for those of a son, as the one in this case probably was, over the age of twenty-one years. The liability in such cases results, if at all, from the fact of agency, and this fact must be proved. No presumption of agency arises merely from the domestic relationship. See note to *Johnson* v. *Glidden*, 74 Am. St. Rep. 802, 21 A. & E. Enc. L. (2nd ed.) 1059, 29 Cyc. 1665. * * * As was said in *Maher* v. *Benedict*, 123 App. Div. 579, 108 N. Y. Supp. 228, 'Liability cannot be cast upon the defendant because he owned the car, or because he permitted his son to drive the car whenever he wished to do so, or because the driver was his son. Liability arises from the relation of master and servant, and it must be determined by the inquiry whether the driving at the time was within the authority of the

master in the execution of his orders or the doing of his work.' See, also, *Doran* v. *Thomsen,* 76 N. J. L. 754, 71 Atl. 296 [19 L. R. A. (N. S.) 335], 131 Am. St. Rep. 667; *Erlick* v. *Heis,* 193 Ala. 669, 69 So. 530; *Heissenbuttel* v. *Meagher,* 162 App. Div. 752, 147 N. Y. Supp. 1087; *Parker* v. *Wilson,* 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87."

The above case makes plain the distinction observed by the trial court in the matter of instructions, and strongly tends to sustain its judgment.

*Doran* v. *Thomsen, supra,* can hardly be distinguished in its facts, and cannot be distinguished in principle, from this case. In that case the New Jersey Court of Errors and Appeals held: "Where a father was possessed of an automobile which he kept upon his premises, and his daughter, about nineteen years of age, was accustomed to drive it, and did so whenever she felt like it, asking permission to use it when the father was at home, but when not at home took it sometimes without permission, there being no proof that the daughter was actually employed by the father to operate the machine. *Held:* In an action against the father, where the daughter, in using the machine for her own pleasure in driving her personal friends, negligently injured a person in the highway, that such proof was not sufficient to constitute the daughter the servant or agent of the master; and that a motion for a direction of a verdict for the defendant should have prevailed."

In *King* v. *New York C. & H. R. R. Co.,* 66 N. Y. 181, 23 Am. Rep. 37, it was said: "Where one person has sustained an injury from the negligence of another, he must, in general, proceed against him by whose negligence the injury was occasioned. If, however, the negligence which caused the injury was that of a servant while engaged in his master's business, the person sustaining the injury may disregard the immediate author of the mischief, and hold the

master responsible for the damages sustained." So, in *Wyllie* v. *Palmer*, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285, the court said: "The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time and in respect to the very transaction out of which the injury arose."

The books abound with cases holding for and against the parent's liability for the acts of his child in this class of cases. The authorities are not reconcilable, and it seems to us that the only safe course to pursue is to revert to first principles and adhere to ancient landmarks, rather than to yield a too ready allegiance to an admittedly new principle sought to be engrafted upon the law of master and servant and principal and agent to meet supposed exigencies of new conditions incident to the advent of automobiles.

The general rule in relation to the responsibilities of a parent for the torts of his minor child is very clearly and succinctly stated in *Smith* v. *Jordan*, 211 Mass. 269, 97 N. E. 761, as follows: "The principles of law which govern this case are plain. A father is not liable for the torts of his minor son simply because of paternity. There must exist an authority from the father to the son to do the tortious act or a subsequent ratification and adoption of it, before responsibility attaches to the parent. * * * The wrongful act must be performed by the son in pursuance of the business, incident, or undertaking authorized by the father before the latter can be held liable. * * * If the act is not done by the son in furtherance of the father's business, but in performance of some independent design of his own, the father is not liable. The controlling rules of law are the same whether the business in question concerns the operation of an automobile or any other matter."

The doctrine of these cases impresses us as being sound,

and they sufficiently illustrate the ruling principle that should govern the case in judgment. Therefore, without prolonging this opinion to review them, we shall content ourselves with citing the following cases in support of our conclusion:

(a) In these cases the child was a minor: *Parker* v. *Wilson*, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; *Maher* v. *Benedict*, 123 App. Div. 579, 108 N. Y. Supp. 228; *Loehr* v. *Abell*, 174 Mich. 590, 140 N. W. 926; *McFarlane* v. *Winters*, 47 Utah 598, 155 Pac. 437, L. R. A. 1916 D, 618; *Johnston* v. *Cornelius* (Mich.), 159 N. W. 318; *Linville* v. *Nissen*, 162 N. C. 95, 77 S. E. 1096.

(b) In these cases the child was an adult: *Heissenbuttel* v. *Meagher*, 162 App. Div. 752, 147 N. Y. Supp. 1087; *Reynolds* v. *Buck*, 127 Iowa 601, 103 N. W. 946.

(c) In these cases the servant of the owner was operating the automobile, but was not transacting the owner's business at the time: *Cunningham* v. *Castle*, 127 App. Div. 580, 111 N. Y. Supp. 1057; *Clark* v. *Buckmobile Co.*, 107 App. Div. 120, 94 N. Y. Supp. 771; *Stewart* v. *Baruch*, 103 App. Div. 577, 93 N. Y. Supp. 161; *Slater* v. *Advance Thresher Co.*, 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; *Evans* v. *Dyke Automobile Co.*, 121 Mo. App. 266, 101 S. W. 1132; *Lotz* v. *Hanlon*, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731; *Lewis* v. *Amorous*, 3 Ga. App. 50, 59 S. E. 338; *Quigley* v. *Thompson*, 211 Pa. 107, 60 Atl. 506.

(d) See also, "Annotation—Liability where automobile is being used by a member of owner's family." L. R. A. 1916 F, p. 223, *et seq.;* and *Sultzbach* v. *Smith*, 174 Iowa 704, 156 N. W. 673, L. R. A. 1916 F, 228.

Resting our decision upon the precise facts of the case in hand, which are practically undisputed, we hold that relationship standing alone does not render the father liable for the acts of his minor daughter; that such liability must

result from the relation of master and servant or principal and agent; and that the absence of that element of responsibility in this case affirmatively appears.

For these reasons, the judgment of the circuit court must be affirmed.

*Affirmed.*