## HARRY W. FARNUM *vs.* JOHN D. CLIFFORD.

### Cumberland.    Opinion April 30, 1919.

*General rule of law covering liability of parent for negligent acts of his children.*
*Rule of practice as to furnishing a transcript of all the evidence when a*
*motion has been made for new trial on account of newly*
*discovered evidence.    Reason for same.*

In an action on the case brought by the husband to recover for loss of services of his wife in consequence of injuries sustained by her in a collision between a carriage in which she was riding and an automobile owned by the defendant and operated by his son, the case being before the Law Court upon defendant's exceptions and a motion for new trial on the ground of newly discovered evidence, it is

*Held:*

1.   That the requested instruction which forms the basis of the first exception was properly refused, because it seems to have been based upon an erroneous assumption of testimony as appears by the extracts from the evidence before this court as a part of the exception; and also because the presiding Justice in his charge carefully and fully explained to the jury the grounds upon which the defendant could be held liable, so that the refusal in any event was harmless.

2.   That the instruction given, which gives rise to the second exception, was in accord with settled principles of law.

3.   The motion for new trial on the ground of newly discovered evidence cannot be entertained because it is not accompanied by a full report of the evidence produced at the trial.    This is necessary to enable the court to determine whether the additional facts proposed to be proved are in fact new evidence and also whether if admitted, in connection with that before in the case, a different result would have been reached.

Action on the case to recover damages for loss of services caused by the alleged negligence of defendant.    Defendant filed plea of general issue.    Verdict for defendant.    Plaintiff filed exceptions to certain rulings of presiding Justice and also motion for new trial on the ground of newly discovered evidence.    Judgment in accordance with opinion.

Case stated in opinion.

*W. R. Pattangall and H. E. Locke,* for plaintiff. .

*Andrews & Ne'son and McGillicuddy & Morey,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

CORNISH, C. J.    This is an action on the case brought by the husband to recover for loss of services of his wife in consequence of injuries sustained by her in a collision between a carriage in which she was riding and an automobile owned by the defendant and operated by his son, John D. Clifford, Jr.

The jury returned a verdict for the defendant and the case is before · the Law Court on two exceptions, one to the refusal of the presiding Justice to give an instruction requested by the plaintiff, and the other to the giving of an instruction requested by the defendant.    There is also a motion for a new trial on the ground of newly discovered evidence.

EXCEPTION 1:

The instruction requested and refused was as follows:    "If the automobile in question was purchased by the defendant for general use of his family, of whom John D. Clifford, Jr., was a member, and · the automobile was so used, and if such use of the automobile included its use by John D. Clifford, Jr., whenever he wanted it, then the defendant would be liable for any injury caused by the negligence of John D. Clifford, Jr., in operating the automobile."

This requested instruction was properly refused.    It was based upon an erroneous assumption of testimony.    *Milliken* v. *Skillings*, 89 Maine, 186.    It was predicated upon the assumed fact that the machine was purchased for general family use including the use by the son whenever he wanted it, while the extracts from the evidence before us as a part of the exceptions, clearly show that it was purchased for the pleasure of the family, a much less comprehensive term, and that the son had no authority or permission to take or use it in connection with his private business.

Moreover the presiding Justice in his charge carefully and fully explained the grounds upon which the defendant could be held liable for the acts of his son and adequately informed the jury upon all questions of law applicable to the facts in the case.    The refusal of this requested instruction, even if it was academically correct, was harmless.    The jury must have found from the testimony that the

son was using the automobile for his private business and that he had no authority so to do; and they must have had a proper understanding of the case from the whole charge. *Hunnewell* v. *Hobart*, 40 Maine, 31.

EXCEPTION 2:

The instruction given at the request of the defendant was as follows:

"Liability cannot be cast upon the defendant in this case because he owned the car, or because the driver at the time of the accident was his son, or because he permitted his son to use the car. There must be the further relation of master and servant between them, and the son at the time of the accident must have been using the car in the business of the defendant."

This instruction is clearly in accord with familiar principles of law. If under the facts of this case the plaintiff desired to have the term "business of the defendant" more fully defined, he should have asked for further instructions on that point. This he failed to do. The instruction as given is without error.

Motion for new trial on ground of newly discovered evidence.

This motion cannot be entertained because the entire report of the evidence at the trial is not before us. A general motion was not filed in the first instance, simply exceptions. The rule, and the reason therefor, have been stated as follows: "It is necessary in motions for new trials, on the ground of newly discovered evidence, not only to present the evidence alleged to have been newly discovered, but also a full report of the evidence produced on the former trial, that the Court may be able to determine whether the additional facts proposed to be proved, are in fact new evidence, and also whether if admitted, in connection with that before in the case, a different result would have been produced." *Brann* v. *Vassalboro*, 50 Maine, 64. In other words, the new evidence must be of such character and weight that considered by the Court with the other evidence, a different verdict would probably have been rendered. If that other evidence is not before the Court, that essential point cannot be determined. In the two cases cited by counsel for plaintiff, *Hill* v. *Libby*, 110 Maine, 150; and *Southard* v. *Railroad*, 112 Maine, 227, and in all other cases so far as we know, a general motion for new trial accompanied the special motion and the entire record was before the Court.

That record is wanting here. It might be added, however, that the evidence under this motion falls so far short of the plaintiff's expectations, as disclosed in the motion itself, that it could not possibly affect the merits of the controversy.

The entry must be,

> *Exceptions and special motion overruled.*