### NORTON *v.* HALL.

Opinion delivered July 4, 1921.

AUTOMOBILE—FAMILY CAR—SON'S NEGLIGENCE—A complaint which alleges that plaintiff, while walking along a street, was struck by an automobile belonging to defendant and driven by her son, who was a member of defendant's family, without alleging that the son was defendant's agent, fails to state a cause of action against defendant.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*W. E. Beloate* and *J. E. Anderson,* for appellant.

*Smith & Gibson,* for appellee.

McCULLOCH, C. J. There are two consolidated cases involving the same question in this appeal. Each case was instituted to recover damages for personal injuries resulting from an automobile collision caused by the negligence of the driver of the car. A demurrer to the complaint was sustained in each case. It is alleged in the complaint in each case that the plaintiff, while walking along a street, was struck by an automobile "belonging to the defendant, Mrs. L. F. Hall, and driven by Bill Huddleston, or Clara Huddleston, wife of the said Bill Huddleston, the said Bill Huddleston being the son of the defendant, Mrs. L. F. Hall, and residing with and being a member of the family of the said defendant, Mrs. L. F. Hall, the said automobile being at the time under

the care and control of the said Bill Huddleston, defendant herein.'' There is a further allegation that the automobile ''was the property of the said Mrs. L. F. Hall, and by her at that time furnished for the use and entertainment of the family,'' and after describing the injury of the plaintiff it was alleged that ''said injuries were caused by the negligence of said defendants, their servants, and members of the family of said defendant, Mrs. L. F. Hall.'' The demurrer was filed by Mrs. Hall alone and not by the other defendants, so the appeal relates only to the question of Mrs. Hall's liability under the allegations of the complaint.

There is no charge of negligence on the part of Mrs. Hall herself in permitting the use of the automobile by her son or his wife. Nor is there any specific allegation that either Huddleston or his wife were the agents or were servants of Mrs. Hall in operating the automobile. Plaintiffs rely solely for recovery on the charge that the automobile was the property of Mrs. Hall which was provided for the use of her family, the members of which were permitted to use it, and that her son, Bill Huddleston, and his wife, Clara Huddleston, were members of the family, residing with her.

This involves the application of what has become to be termed the ''family purpose'' doctrine, which is of comparatively recent origin. The substance of the doctrine is that when the father or other head of a family supplies an automobile for the use and pleasure of the family, permitting the members thereof to use it at will, those members thus using the automobile become the agent of the head of the family, and that each one using it, even for his sole personal pleasure, is carrying out the purpose for which the automobile is furnished, and is the agent or servant of the head of the family, so that the latter is liable for injuries resulting from negligence, under the doctrine of *respondeat superior*. The cases which uphold and apply this doctrine do so apparently

in recognition of the principle that the parent is not, as such, liable for the torts of the child, nor liable merely because of permission to use the car, but they hold that liability rests upon the principle of master and servant, or principal and agent, and that the furnishing of the car for family use creates that relation between the head of the family and each member who operates the car by permission.  There is great contrariety of judicial opinion upon this subject.  The courts of last resort in New York, Missouri, North Carolina, Maine, Alabama, Utah, New Jersey, Massachusetts, Virginia, Kansas, California, Ohio, Illinois, New Hampshire, Mississippi, and Michigan, have refused to apply this doctrine in its broadest sense, so as to impose liability merely because the car is used by a member of the family. *Hays* v. *Hogan,* (Mo.) 200 S. W. 286; L. R. A. 1918 C. 715; *Van Blaricom* v. *Dodgson,* 200 N. Y. 11, L. R. A. 1917 F. 363; *Linville* v. *Nissen,* 162 N. C. 95; *Parker* v. *Wilson,* 179 Ala. 361; *Doran* v. *Thomsen,* 76 N. J. L. 756; *Missel* v. *Hayes,* 86 N. J. L. 348; *Smith* v. *Jordan,* 211 Mass. 269; *McFarlane* v. *Winters,* 75 Utah 598; *Blair* v. *Broadwater,* 121 Va. 301; *Watkins* v. *Clark,* 103 Kansas 629; *Spence* v. *Fisher* (Calif.), 193 Pac. 255; *Elms* v. *Flick* (Ohio St.), 126 N. E. 66; *Arkin* v. *Page,* 287 Ill 420; *Danforth* v. *Fisher,* 75 N. H. 111; *Woods* v. *Clements* (Miss.), 74 Sou. 420; *Loehr* v. *Abell,* 174 Mich. 590; *Pratt* v. *Clothier,* 110 Ala. 353, 10 A. L. R. 1434; *Farnum* v. *Clifford,* 118 Maine 145.

On the other hand the courts of last resort in Minnesota, Iowa, Georgia, Oklahoma, New Mexico, North Dakota, Wisconsin, Washington, Colorado, Montana, South Carolina and Tennessee have announced in more or less broad terms the application of this doctrine. *Dircks* v. *Tonne* (Iowa), 167 N. W. 103; *Plasch* v. *Fass,* 144 Minn. 44, 10 A. L. R. 1446; *Griffin* v. *Russell,* 144 Ga. 275; *Boes* v. *Howell,* 24 N. M. 142; L. R. A. 1918 F, 288; *McNeal* v. *McKain,* 33 Okla. 499; *Ullman* v. *Lindeman* (N. Dak.), 76 N. W. 25, 10 A. L. R. 1440; *Birch* v.

*Abercrombie,* 74 Wash. 486; *Hutchin* v. *Hafner,* 63 Col. 365; *Lewis* v. *Steele,* 52 Mont. 300; *Davis* v. *Littlefield,* 97 S. C. 171; *King* v. *Smythe* (Tenn.), 204 S. W. 296; *Denison* v. *McNorton,* 228 Fed. 401. The United States Circuit Court of Appeals for the Sixth Circuit, in the case of *Denison* v. *McNorton,* 228 Fed. 401 should also be classed in that list.

It will thus be seen that there is a sharp division in the authorities. By no means all of the cases cited above as applying the doctrine do so unqualifiedly in holding that any member of a family to which an automobile is furnished by the father becomes the agent of the latter so as to make him liable for injury done to strangers. A few of the cases hold that a member of the family using the automobile for his or her own personal pleasure or convenience makes the father liable for injuries to a stranger, but most of the cases are those where the injury to a stranger resulted while one of the members of the family was using the car for the pleasure of other members of the family, and it was held that this was sufficient to create an agency so as to make the head of the family liable. Those cases do not hold that liability exists because of the fact that the automobile was being operated by a member of the family, but they seem to hold that where one member of the family is operating the car for the benefit of the others an inference of fact may or may not be drawn from the circumstances that agency existed and that the person so using the automobile for the benefit of the other members of the family was acting pursuant to the purposes of the head of the family in furnishing the automobile for family use and therefore became the agent of the latter in using it for the benefit of the others. Such seems to be the effect of the decision of the United States Circuit Court of Appeals, *supra,* and also the Oklahoma court and the Iowa, Michigan, Minnesota and Massachusetts courts in the cases referred to.

We think the better reasoning lies with those courts which hold that there is no agency merely because of the

fact that the automobile was furnished for family use. In other words, we reject the so called "family purpose" doctrine as stated by some of the courts in its broadest sense, though we do not mean to hold that there may not be circumstances under which it would be a question of fact for the jury to determine whether the person so operating the car was the agent of the head of the family or was agent of the particular member or members of the family for whose pleasure and benefit the car was then used. This doctrine is clearly recognized by the Massachusetts court in the case of *Smith* v. *Jordan, supra,* and also in the New Jersey cases cited above. In those and some of the other cases it was held that where an automobile was furnished by the father for family use and the son was driving the car for the benefit of his mother, there was an inference that he was the agent of the father in operating the car.

In the complaint in this case, as before stated, there is no specific allegation of agency or of facts which would constitute an agency. The substance of the charge is that the car, though furnished by Mrs. Hall, was being used and operated by her son and his wife for their own pleasure, and this does not constitute an allegation that the relation of master and servant or principal and agent existed between Mrs. Hall and her son and daughter-in-law.

We are therefore of the opinion that the circuit court was correct in holding that there was no cause of action stated against Mrs. Hall in the complaint.

HART, J., concurs; SMITH, J., dissents.