## CIRCUIT COURT OF THE CITY OF RICHMOND

Karen Lee Timberlake, etc.

v.

Anthony Quash, Sr., et al.

March 20, 1983

Case No. LF-687

By JUDGE WILLARD I. WALKER

This case is before the court on a motion for summary judgment pursuant to Rule 3:18 of the Supreme Court of Virginia, filed on behalf of defendant Anthony Quash, Sr. This action was brought against Mr. Quash for alleged negligence in intentionally and expressly instructing his son Anthony Quash, Jr. to hit, strike, or respond similarly if any other child put his or her hands on him. The decision herein is based on the stipulation of facts pursuant to this motion which counsel for all parties have signed. According to this stipulation, the plaintiff, Karen Lee Timberlake, was the aggressor in the encounter between herself and the defendant' son, in which she sustained the injuries giving rise to this case.

For reasons stated below, this motion is granted. Accordingly, the case against Mr. Quash is dismissed.

This case raises a novel question in the field of tort law. Prosser states that under the common law a parent is not legally liable for the torts of his child, as the child has a separate legal identity. W. Prosser, Handbook of the Law of Torts § 123 at 871 (4th ed. 1971). However, exceptions to this nonliability exist under circumstances where (1) the parent

"has directed or encouraged . . . [the tortious act], or has ratified it by accepting its benefits," Id. at 871-72; (2) the child has acted in an agency role; or (3) the parent has negligently entrusted the child with a dangerous instrumentality. Id. Prosser further states that "the parent has a special power of control over the conduct of the child, which he is under a duty to exercise reasonably for the protection of others." Id. at 872.

This rule of nonliability and the exceptions must be considered for purposes of this case in light of the privilege of self-defense, which the common law recognizes in the field of tort law. "This privilege extends to the use of all reasonable force to prevent any threatened harmful or offensive bodily contact, . . . whether intended or negligent." Id. § 19 at 108 (emphasis added).

Virginia follows the rule of nonliability of a parent for his child's tortious conduct, absent a master-servant or principal-agent relationship. Nixon v. Rowland, 192 Va. 47, 54, 63 S.E.2d 757, 761 (1951)(citing with approval Blair v. Broadwater, 121 Va. 301, 306, 308, 93 S.E. 632 (1917)). Such a relationship is not alleged, nor is there an allegation of negligent entrustment. The sole case against Mr. Quash is premised on an instruction to his son to defend himself in response to an aggressor, a privilege long recognized by the common law.

There are many areas of human relationships in which courts appropriately do not involve themselves. One such area is that of a parent's rearing of his child, absent unusual circumstances not present in this case. The instructions of a parent that a child should defend himself properly falls within the scope of this child-rearing activity. Accordingly, the court finds no liability on Mr. Quash.