## CIRCUIT COURT OF FAIRFAX COUNTY

Starr

    v.

Ebbesen

November 17, 1989

Case No. (Law) 90777

By JUDGE THOMAS J. MIDDLETON

The defendant demurred to Count II of the plaintiff's Amended Motion for Judgment on the ground that a negligent entrustment action against the parents of a child who engages in an intentional tort is not recognized in Virginia. It is the opinion of the Court that Count II, alleging negligent entrustment, states a cognizable claim.

The question before the Court is whether an action which alleges the negligent entrustment of an instrumentality (air rifle) other than an automobile by parents to a minor child may be maintained.

The Virginia Supreme Court has consistently held that the fact of parentage alone does not make a parent liable for the torts of his child. *Nixon v. Rowland*, 192 Va. 47, 63 S.E.2d 757 (1951); *Hackley v. Robey*, 170 Va. 55, 195 S.E. 496 (1938); *Blair v. Broadwater*, 121 Va. 301, 93 S.E. 632 (1917). The Court has recognized an exception to this rule in cases where there is a master/servant or principal/agent relationship between the parent and child. The principle to be distilled from these opinions is that parents are not subject to special vicarious liability for the torts of their children simply because of paternity. Parents are only liable without fault for the torts of their children under well recognized principles of vicarious liability; principles unrelated to the parent-child relationship. Parental liability is not precluded

when the parents' own negligence is a contributing factor to a third party's injury. "It is well settled in this State that, *in the absence of negligence on the part of the father*, a father is not liable for the torts of his minor child . . ." *Green v. Smith*, 153 Va. 675, 681, 151 S.E. 282, 283 (1930) (emphasis added). *But see*, Va. Code Section 8.01-44 (1989 Supp.) (making parents vicariously liable for the willful destruction of private property by their minor child in an amount up to $750).

Virginia recognizes the doctrine of negligent entrustment in cases where one negligently entrusts another with an automobile. *Denby v. Davis*, 212 Va. 836, 188 S.E.2d 226 (1972); *McNeill v. Spindler*, 191 Va. 685, 62 S.E.2d 13 (1950); *Crowell v. Duncan*, 145 Va. 489, 134 S.E. 576 (1926). The test for liability is "whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." *Denby*, 212 Va. at 838, 188 S.E.2d at 229. To date however the negligent entrustment cases in Virginia have not involved any instrumentality other than an automobile and it appears to this Court that no case has held a parent liable for negligently entrusting an instrumentality to his minor child.

When liability for negligent entrustment was first established in Virginia, it was premised upon the rationale that an automobile in the hands of an incompetent driver is a dangerous instrumentality and one who entrusts such an instrumentality to another, known by him to be incompetent, places the public in great jeopardy. *See, Crowell v. Duncan*, 145 Va. 489, 134 S.E. 576 (1926). This reasoning applies with equal force in the instant case. An air rifle in the hands of a child, known by the parent to be incompetent and likely to misuse it, is a dangerous instrumentality and a parent who entrusts it to an incompetent child places others in great jeopardy.

The fact that a parent-child relationship exists in this negligent entrustment action is irrelevant for the same reasons the relationship is irrelevant in vicarious liability parent-child cases. Vicarious liability does not flow from the parent-child relationship, but from other considerations. In the instant case liability, once established, does not flow from the parent-child relationship but rather from the duty which all people, including

parents, owe to third parties who might foreseeably be injured by the entrustment of a dangerous instrumentality to another.

The Supreme Court has indicated that there are limits to the extent parents will be held liable for the torts of their children occasioned by parental negligence. In *Bell v. Hudgins*, 232 Va. 491, 352 S.E.2d 332 (1987), the Supreme Court declined an invitation to adopt the doctrine of negligent parental supervision. That rule provides:

> A parent is under a duty to exercise reasonable care to control his minor child to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of harm to them, if the parent:
>
> (a) knows or has reason to know that he has the ability to control his child and,
>
> (b) knows or should know of the necessity and opportunity for exercising such control.
> *Bell*, 232 Va. at 493-4, 352 S.E.2d at 333-4.

*Bell* does not undermine the conclusion that a cause of action for negligent entrustment should be recognized. Negligent entrustment and negligent supervision are separate and distinct theories of liability and are recognized as such by the Supreme Court. *Id.*, 232 Va. at 495, 352 S.E.2d at 334-5. Liability for negligent supervision is closely akin to vicarious liability. The duty and liability imposed by the doctrine is one which arises primarily from the parent-child relationship. As stated previously, the duty imposed by the rule of negligent entrustment does not arise from the parent-child relationship and applies equally to all people, regardless of their relationship. This fact distinguishes the two theories.

The Court will recognize a cause of action for the negligent entrustment of an air rifle by a parent to his minor child.

A cause of action for negligent entrustment is stated if it is alleged that:

> [the defendant] supplies directly or through a third person a chattel for the use of another

whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use. *Denby*, 212 Va. at 838, n. 1, 188 S.E.2d at 229, n. 1.

Count 3 of the demurrer alleges that Count II of the Amended Motion for Judgment fails to set forth facts regarding the knowledge of the parents with respect to the: storage of the air rifle in their house; likely use of the air rifle in an unsafe manner by the son; and existence of the air rifle.

Paragraph 6 of Count II alleges that the parents knew or in the exercise of ordinary care should have known where and how the air rifle was stored. Paragraph 7 alleges knowledge of the likely improper use of the air rifle by their son and knowledge of his prior unsafe use of the air rifle.

It is the opinion of the Court that the allegations enumerated are sufficient, when coupled with the allegations of authority over and control of the air rifle by the parents, to state a cause of action for negligent entrustment.

All counts of the demurrer are overruled.